### Bank of Rochester *vs.* Bowen and others.

A *promissory note* discounted by a bank having a *partnership name* subscribed to it, by one of the members of the firm as surety for another person, cannot be enforced *against the firm*, where the fact of such suretyship is known to the *cashier* of the bank; unless it be shewn that the partnership name was subscribed by one partner, with the consent of the other, or that the act was subsequently ratified, there can be no recovery.

THIS was an action of assumpsit, tried at the Monroe circuit, in March, 1830, before the Hon. ADDISON GARDINER, one of the circuit judges.

The suit was on a promissory note for $300, payable to the plaintiffs; the makers of the note were P. Bowen, H. Bissell, D. C. West, and a mercantile firm transacting business under the name and firm of "Aldrich & Searle." The note was signed by Bowen, Bissell and West, and the name of the firm of "Aldrich & Searle" was subscribed by *Aldrich*, one of the firm. The note was made to obtain a loan at the Rochester

bank for the benefit of Bowen, which was known to the *cashier* of the bank with whom Bowen negotiated for the loan, and it was discounted by the bank and the money received by Bowen. There was no evidence of any authority from Searle to Aldrich to subscribe the partnership name to the note, or of any subsequent ratification by him. The judge charged the jury that if they should be of opinion thnt the partnership name of Aldrich & Searle was subscribed by Aldrich, without the knowledge or consent of Searle, as surety for Bowen, they must find for the *defendants*. The jury found for the *plaintiffs*, and the defendants now moved to set aside the verdict.

*E. Griffin*, for defendants.

*G. H. Mumford*, for plaintiffs.

*By the Court* NELSON, J. The cashier of the bank, who must be considered *the agent of the plaintiffs*, states expressly, that the loan was negotiated by Bowen, one of the defendants; that he procured the note, and that the money was placed to his credit in the bank, which was afterwards drawn out by him upon his own check; that he considered the note Bowen's at the time of the negotiation and loan. This testimony, unexplained, and uncontradicted, was undoubtedly sufficient to repel the *prima facie* inference that the firm of " Aldrich & Searle" were principals to the note, and imposed upon the plaintiffs the burden of proving affirmatively, either that Aldrich & Searle were interested in the loan, or that Searle consented to become security for the same. The principles of law applicable to the facts in this case have been clearly defined by adjudged cases. *Dole* v. *Halsey*, 16 Johns. R. 34. *Foot* v. *Sabin*, 19 id. 154. *Laverty* v. *Burr*, 1 Wendell, 529.

The rule protecting partnership property or funds from appropriation to the payment of the separate debts of one of the partners, and prohibiting partnership security from being pledged to third persons, without the consent of all the partners, is just and salutary, and should be strictly enforced. Here the agent of the plaintiffs swears to the fact that the loan was for

*Margin note:* NEW-YORK, May, 1831. Bank of Rochester. v. Bowen.

the benefit of Bowen, and that he knew it at the time it was made; and there is nothing in the case to contradict it. We need not cite authorities to shew that the knowledge of the agent is equivalent to a knowledge by the plaintiffs.

A joint and subsisting indebtedness in *all* the defendants must be shewn, *Robertson* v. *Smith*, 18 Johns. R. 459; and the plaintiffs having failed in shewing such indebtedness, I am of opinion that the jury erred, and that there ought to be a new trial, on payment of costs. The charge of the judge is unobjectionable.

New trial granted.