Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiffs in error were sued as administrator and administratrix of Philip O’Reilly, on a promissory note, which expressed on its face to have been made by H. R. Johnston and G. W. Williams, as principals, and N. & E. O’Reilly & Co.,-and Forsyth & Limerick, as securities. The plea of non-assumpsit was verified by affidavit.
From the record it appears that Nicholas O’Reilly, Edmund O’Reilly, and Philip O’Reilly, constituted a partnership firm in Yazoo City. They were engaged in the dry goods business, and in receiving and forwarding. They were also engaged in planting, and in speculating in land. They were also the owners of a steamboat, called Shy lock. P. O’Reilly resided in Alabama, but the other partners lived in Yazoo City, and were the active partners of the concern. The partnership continued until 1842. The steamboat was engaged in the Yazoo trade, in 1839, and the note on which this suit is brought, bears date the 25th September, 1840, and was given under the following circumstances : —N. & E. O’Reilly & Co., Forsyth &- Limerick, and Samuel P. Mclnrow, were indebted to Hewett, in about ten thousand dollars, which indebtedness was for the steamboat Shylock, which they had purchased of Hewett. The other parties being unable to pay, N. & E. O’Reilly & Co., in order to raise means to pay Hewett, sold the boat to Johnston and Williams, for about ten thousand dollars, five thousand dollars of which were paid to Hewett, and this and two other notes, one at six, and the other at nine months, were given for the balance due Hewett, and were made payable to his order. The firm signature is in the handwriting of N. O’Reilly. Under these circumstances, it is contended, that Philip O’Reilly was not bound for the payment of the note.
*125 The principle, as heretofore recognized by this court, is, that where one of two partners subscribes the copartnership name to a note, as sureties for a third person, without the authority or consent of the other partner, the latter is not bound, and it lies upon the plaintiff to prove the consent or authority of the other. Andrews v. Planters’ Bank, 7 S. & M. 192. This doctrine is applicable, where one partner undertakes to bind the other, as surety for the debt of a third person. Foot v. Sabin, 19 John. 154; Bank of Rochester v. Bowen et al., 7 Wend. 158. The reason is most obvious. Each partner is agent for the firm, within the scope of the firm business, but not beyond it. But do the facts warrant the application of the doctrine in the present case ? Most clearly they do not. The debt for which the firm was made surety, was not the debt of one of the partners, or of a third person, but it was the debt of the firm. No new obligation or indebtedness was attempted to be created; no effort to bind the firm, where it was not bound before. It was but a change in the form of the security.
It very clearly established that the note was given for the debt of N. & E. O’Reilly & Co., contracted for the steamboat. It is also clearly established by the declarations of Philip O’Reilly, made to two different witnesses, that he was a partner in'the steamboat. He admitted his interest, not only by saying that it had been a losing business, but by declaring that the firm name must be sustained. When these declarations were made, does not appear. It may have been after the making of this note. If so, it would tend strongly to show his acquiescence in the giving of the note. But it is contended that the giving of this note extinguished the indebtedness of the firm, and it is to be considered as a new transaction. This argument is not without its force. But there is no proof that there was any agreement to release the firm. Nor is there any proof, other than that which is furnished by the face of the note, that the firm was to be regarded as mere surety. The transaction as explained, does not change the liability of the firm from principals, to that of surety. On the contrary, it places them still in the attitude of principals. A surety is one who undertakes for the *126 debt of another. This was not such an undertaking, but it was a new promise to pay the existing debt of the partnership. It was not Hewett who sold the boat to Johnson & Williams, but it was N. & E. O’Reilly & Co. A securityship is to be distinguished, not so much by the name, as by the nature of the transaction. The consideration of this note, as to Hewett, was the steamboat which he had sold to N. & E. O’Reilly & Co. Suppose this debt is paid by O’Reilly, has he recourse on Johnston & Williams, as a mere surety? Not at all; the true consideration of that recourse is the contract between them.
It is said that one partner cannot, in violation of known stipulations in the articles of partnership, bind the firm, even for money which is applied in liquidation of the debts of the firm. Story on Partnership, L94, note 2. This principle does not reach the present case, as the security was given to a creditor of the firm, not on a new liability, but for a pre-existing debt.
Out of the numerous charges asked by the plaintiff below, all were refused except one, to wit: “To discharge members of a partnership not executing the note, from the liability of a securityship contracted in the firm name, it must appear to have been without the scope of the partnership.” Clearly if it were within the scope of the partnership, the firm would be liable. It must therefore be without the scope of the partnership to exonerate the partner who did not sign. The charge is silent as to how it should appear, or what would be sufficient evidence on that subject. It seems to be, as a principle, free from just ground of exception ; though indeed its correctness is not controverted in the agreement. And the instructions asked by defendants below were all granted, so that the case is presented merely as an application for a new trial on the strength of the evidence. If we are correct as to the law which should govern the case, the verdict was right clearly. But there were circumstances which would tend to justify the inference that Philip O’Reilly had acquiesced in the giving of the note. Of this character were the repeated declarations made by him, in reference to the Shylock. 'These declarations must, from their character, have been subsequent to the adventure in the steamboat, for they had allusion *127 to its result. It was mentioned as a thing that had passed. The loss had actually transpired. But still he was determined to sustain the credit of the firm. The tenor of his remarks seem to justify the inference that they were made after the sale of the boat, and in view of all the facts.
Judgment affirmed.