ROLLINS, *Administrator, versus* JOHN O. P. STEVENS *&. al.*

The relation, resulting from the establishment of a commercial copartnership, does not authorize one of the partners to bind the company as sureties, upon the paper of other persons.

ASSUMPSIT upon a promissory note.   The defendants were defaulted by consent, subject to the opinion of the court, as to their liability.   The note was signed " John O. P. Stevens, principal : — W. & H. Stevens, sureties."

William Stevens and Hiram Stevens were co-partners in navigation and business of commerce, under the style of W. & H. Stevens.   Their company name was affixed to the note, in the form above stated, by Hiram Stevens.

*Whitmore,* for the defendant, W. Stevens, cited, Story on Partnership, 190 to 210, and notes; 3 Kent's Com. 23, and notes; *Livington* v. *Roosevelt,* 4 Johns. 251.

WELLS, J. — It appeared by the evidence, that Hiram Stevens signed the name of the firm, consisting of himself. and

William Stevens, to the note in suit, as sureties, for the other maker.

One partner has no authority thus to use the name of the firm, out of the scope of the co-partnership business, unless the consent or subsequent ratification of the other is obtained. The note, on its face, indicates that it was given for the debt of the principal, and not for the debt of the firm. And the burden of proving such consent or ratification rests on the plaintiff.

The plaintiff's intestate could not claim to be an innocent holder, without the knowledge of such want of authority, for the form of the contract was information to him, that the firm had no interest in it, they being partners in navigation and the business of commerce. Bayley on Bills, 58 ; *M. & M. Bank* v. *Winship*, 5 Pick. 11 ; 3 Kent's Com. 47 ; Gow on Partnership, 58 ; *Foot* v. *Sabine*, 19 Johns. 154.

According to the agreement of the parties, the default as to William Stevens is to be taken off, and the action to stand for trial.