JOSEPH BUTTERFIELD *vs.* FRANCIS HEMSLEY & another.

A partner is not bound by the execution of a replevin bond by his copartner as surety in his own name, without affirmative evidence of authority so to bind him.

SHAW, C. J. This is an action of contract in the nature of debt on a replevin bond. Francis Hemsley and John Cropper were in partnership, Cropper being in England and Hemsley in New York. An action of replevin was brought by John H. Bebby in his own name; there was some evidence tending to show, that Hemsley & Cropper had some interest in enabling him to hold the goods, but no property in the goods replevied. The replevin bond was signed by Bebby as principal and by Hemsley and James Prince as sureties. There was some evi-

dence tending to show that Prince executed it at the instance of Hemsley. Judgment for a return was obtained, a writ of return issued, and a return made of "goods not found"; so that there was a breach of the bond.

In the first instance Hemsley alone was sued; subsequently, upon application, the plaintiff was allowed to make Cropper a party, and he was summoned in. Hemsley has been defaulted, and the question is whether Cropper is liable.

It does not appear that it was a transaction in the course of partnership business. It was a signature and seal of the separate name of Hemsley. It was as surety only. *Prima facie* a partner has no right to bind his copartner in a contract of suretyship, without special authority. The signature was not made by Hemsley as for himself and partner, if that would have been sufficient in a bond. *Prima facie* it was the separate obligation of Hemsley, and no evidence is given sufficient to rebut that conclusion.                *Judgment for the defendant*

*B. Dean*, for the plaintiff.

*H. C. Hutchins*, for the defendants.