By the Court, Learned, J.
This is an action on an undertaking in the words following:
[Title of action.]
“ In order to discharge the attachment in this action, we undertake to pay to the plaintiff, on demand, the amount of judgment that may be recovered against the defendants in this action, not exceeding ten hundred and fifty dollars for the debt, and two hundred and fifty ■ dollars costs and expenses.
Dated March 16th, 1861.
(Signed) Claflin, Mellen & Co.
A: B. Tweedy & Co.
Ellis Bros. & Co.
Duryea, Jacques & Co.”
On the left of, and opposite to or below the last signature, is written, “We pay our pro rata share according to our amount of goods sold.”
It was proved on the trial, that at the time when this undertaking was given, the plaintiff, Cockroft, had an attachment against the goods of Edmunson & Culwell, and that under such attachment the sheriff had possession of goods of those parties; that upon receiving the *458 undertaking Cockroft released the attachment, sending the sheriff away. It was further proved that in an action in the Supreme Court in favor of said Cockroft against said Edmunson & CulweB, Edmunson having died pending the action, the plaintiff, Cockroft, on the 30th of March, 1868, recovered a judgment against CulweB, as survivor, for $1,564.50 damages, and $972.40 costs. The justice before whom the cause was tried, directed a verdict for $1,634, and the defendant appeals.
The defendant presents several objections:
1st. That the undertaking is to pay a judgment that may be recovered against the defendants, while the judgment proved was recovered only against one, the survivor. It was given to relieve from attachment the property of the defendants then under seizure. The cause of action was against the defendants jointly, and it survived against CulweB, the survivor. The undertaking is to pay the judgment which might be recovered against the defendants in that action, and it is entitled in the action. As long, then, as the action continues, the signers of the undertaking must be held liable to pay any judgment recovered against the defendants therein. This must be the construction of the undertaking provided for by the Code; otherwise the plaintiff would be very inadequately protected. When he obtains an attachment and causes a levy to be made on the goods of the defendant, if the attachment is noi released the plaintiff holds the goods to abide the final judgment. The levy would not be discharged by the death of one or of ati of the defendants, provided the right of action survived. The undertaking is, as it were, a substitute for the goods levied upon. It must await the result of the action, and is not discharged by the death of the defendants, if the action continues and the cause of action survives. The property levied upon, being the property of the firm, would continue liable for the debts of the firm, notwithstanding the death of one partner. This is *459 a further reason for holding that the undertaking is still binding.
TMs undertaking appears to have been drawn substantially under section 241 of the Code. It is true that after it was executed and delivered, the plaintiff, by Ms consent, released the attachment, instead of putting the defendants to the trouble of obtaining a discharge from the judge. But the undertaking was drawn in substantial accordance with the Code, and delivered for the purpose authorized by the Code, that is, to discharge the attachment. It is not rendered invalid by the fact that in consideration of its execution, the plaintiff, and not the judge, relieved the property from levy.
2d. The undertaking was signed by a firm name. Probably without other proof the partners could not be held by the signature of one of their number in the firm name to such a paper. But the evidence showed that Mr. Claflin, the defendant now sued, knew, at the time, of the signature made by his firm to the undertaking. He even directed the delivery of the undertaking. He cannot now object that the firm name was improperly used.
3d. It is objected that there is no evidence that the judgment recovered against Culwell, survivor, is in the same action with that in which the undertaking was given. The court is the same; the parties are the same. The summons is dated March 8th, 1861, the undertaking March 16th, 1861, and the attachment had been issued before the undertaking was given. There was no evidence that there was any other action between the parties, and the presumption was of identity.
It was immaterial whether or not the summons had been served. There had been an appearance by the surviving defendant.
4th. As to the memorandum written below or near to the last signature. This cannot be considered to enter into and to form part of the agreement. It may have been intended to indicate the rule of contribution, as *460 between Duryea, Jacques & Co. and the others; but as between the plaintiff and those who undertook to obtain a release of goods from his levy, it was not probably intended to have any effect. ' At any rate as to the plaintiff it forms no part of the undertaking made by this defendant. The position of the memorandum, below or at the side of the last signature, shows that it was not intended to form a part of the undertaking, as between the plaintiff and the signers.
[First Department, General Term, at New York,
January 6, 1873.
Ingraham. and Learned, Justices,]
The judgment appealed from should be affirmed, with costs..