| 42 | 329 |
| 78 | 314 |
| 42 | 329 |
| 112 | 356 |

MATTHEW J. MOYNAHAN v. JOHN M. HANAFORD, IMPLEADED WITH MARY TRISTRAM, WILLIAM S. WEBBER AND CHARLES LOCKE.

*Promissory note—Notice—Joint accommodation makers.*

Where any one but the person to whose order a note is made payable writes his name across the back, he is to be regarded as joint maker with the one who signs it.

A debtor gave his creditor the notes of a third party, which the creditor discounted on his own indorsement, but had to take up when they fell due. The debtor then gave him other notes made by the same person, but with the name of a firm to which the maker belonged written across the back. *Held* that they must be supposed to have had the previous debt in view, and that the creditor therefore had notice that the firm name was a mere accommodation, and could not recover on the note against

42 MICH.—42.

another partner without whose knowledge or consent it was used.

The fact that an accommodation maker of a note has written his name across the back instead of signing on the face of the note, tends, though not conclusively, to indicate that he did not intend to sign as joint maker but only as surety, and is enough to put the original creditor on inquiry.

Error to the Superior Court of Detroit. Submitted October 30. Decided November 29.

ASSUMPSIT. Defendant Hanaford brings error.

*Brennan & Donnelly* for plaintiff in error.

*Griffin & Dickinson* for defendant in error.

COOLEY, J. Moynahan brought suit in the Superior Court of Detroit to recover the amount of four promissory notes, all in the same form. The following is a copy of one:

"$100.                              DETROIT, May 1, 1877.
Three months after date I promise to pay to the order of M. J. Moynahan one hundred dollars at People's Savings Bank with ten per cent interest.
[Signed]                    CHARLES LOCKE.
[Across the back]          TRISTRAM & WEBBER."

According to the settled doctrine of this court the note, being made payable to the order of another than those writing their names upon the back, the latter must be regarded as joint makers with Locke. *Wetherwax v. Paine*, 2 Mich., 555; *Rothschild v. Grix*, 31 Mich., 150.

Hanaford, who was one of the firm of Tristram & Webber, put in the defense that the firm were parties to the notes only as they had lent their names to Locke for his accommodation, and that Moynahan had notice of this when he took the notes. The facts relied upon to show notice were these: The firm of Griffin & Co. had previously been indebted to Moynahan, and had given to him for their debt the notes of Locke, which Moynahan had procured to be discounted on his own indorsement, but had been obliged to take up on Locke failing to meet

them. The notes now in suit were then obtained by Griffin & Co. and delivered to Moynahan in the place of the others. There was no evidence that Moynahan knew anything further about the facts than is above stated.

It seems to us, however, that on the foregoing statement the presumption must be that Locke alone was primarily indebted on these notes. They were given and received in the place of his pre-existing indebtedness to which the firm of Tristram & Webber was in no manner a party. They were made payable to Moynahan himself, and therefore in their inception must be supposed to have had in view the previous debt. We cannot infer that they were given on new dealings between Locke and Tristram & Webber, when a sufficient occasion for their being given appears, and a consideration moving between Locke and Moynahan is shown. Moreover, the form is not such as would have been likely to be chosen had they been given on business dealings between Locke on the one hand and Tristram & Webber on the other; and while this is not conclusive, it is nevertheless not an unimportant circumstance. It must have had the same tendency as the other facts to impress the mind of Moynahan that Tristram & Webber were mere sureties for Locke.

If it be suggested that Griffin & Co. might be supposed to have taken this paper on dealings on their part with all the makers, the reply is still the same. The form of the paper is not such as joint debtors would be likely to make, and this, taken in connection with the fact that Moynahan knew the previous debtor was Locke alone, was sufficient to put him on inquiry.

To complete his defense Hanaford showed that the firm name was endorsed upon the notes without his consent or knowledge. We think he is not liable upon them, and the judgment must be affirmed with costs.

The other Justices concurred.