EDWIN R. CLARKE, Plaintiff and Respondent, v. ROBERT E. WALLACE, et al., Defendants, ROBERT M. WINSLOW, CHAS. F. BICKFORD and FRANK E. BICKFORD, Administrators, etc., and RACHEL T. SHEETS, Administratrix, etc., Defendants and Appellants.

**1.  Partnership— Guaranty of Commercial Paper by Partner.**

A member of a partnership engaged in the banking business has no authority by virtue of his partnership relation, to guaranty in the firm name commercial paper for the benefit or accommodation of third parties; and the firm would not be bound by such guaranty, in the absence of the showing of specific authority, or an authority to be implied from previous course of business between the parties, or subsequent ratification of the act by the other partners.

**2.  Same; Same—Extent of Partner's Power to Bind Firm by Guaranty.**

One member of a firm has no authority to bind his firm by a guaranty of commercial paper of a third party, even when such firm is interested

in the transaction, unless such guaranty is necessary for carrying on the business of the firm in the ordinary way.

### .3. Same; Same — On the Facts of This Case Firm Held Not to be Bound.

Where one member of a firm, without the knowledge or consent of his copartners, in consideration of receiving security on a firm debt, guaranteed the note of the debtor to a third party, in an amount several times greater than the debt to be secured, *held*, that the other members of the firm were not bound by such guaranty.

(Opinion Filed February 2, 1891.)

*A*PPEAL from district court, Stutsman county; Hon. Roderick Rose, Judge.

Nickeus & Baldwin, for appellants, cited: State v. Caskell, 18 Wend. 478; Zuel v. Bowen, 78 Ill. 234; Blodgett v. Weed, 119 Mass. 215; Deets v. Lonsdale, 49 Ind. 525. Plaintiff cannot hold the partners without showing their authority for or assent to the guaranty. Bank v. Bank, 60 N. Y. 285; Williams v. Wellbridge, 3 Wend. 415; Henderson v. Birkevootz, 37 Cal. 113; Frend v. Durgee, 35 Am. Rep. 92. Appellants did not become liable by receiving the benefit of the transaction. Craighead v. Petterson, 72 N. Y. 280; Lindley on Part. 504; Collyer on Part. 645, § 412.

Edgar W. Camp, for the respondent, cited: Andrews v. Congar, 102 U. S., p. 90 of Lawyers' Co Op. Ed.; Steuben Bank v. Albinger, 4 N. E. 341; Donegan v. Moran, 5 N. Y. Supplt. 575. The effect of the transaction was the same as if one partner had discounted Wallace's note with funds of the partnership and then sold and guaranteed the note. And this he might have done. Bank v. Bank, 101 U. S. 181. In order to save a debt a bank may do many things which under other circumstances would be *ultra vires*: Morse on Banking, §§ 54, 57, 60, 78; McCraith v. Bank, 10 N. E. 862; Bank v. Bank *supra*. Appellants are estopped by retaining benefits of the transaction. Morse, § 752. The managing partner made the promise on which plaintiff recovered; thus asserting his authority to make it as part of the firm business. Johnson v. Trask, 22 N. E. 377;

Fuller v. Scott, 8 Kan. 25; Story, Part. § 108; Credit Co. v. Howe Machine Co., 54 Conn. 387.

BARTHOLOMEW, J.   The findings of the court show that in 1883 the defendants Winslow and Allen, together with John A. J. Sheets and Samuel M. Bickford—the two latter now deceased, and their administrators being defendants herein—were copartners engaged in the banking, real estate and loan business at Jamestown, Dak. T., under the firm name of "North Dakota Bank." Allen was the managing member of the firm. The firm had about $1,300 on deposit in the First National Bank of Jamestown. The defendant Robert E. Wallace was president of the latter bank. This bank was in failing circumstances. Wallace needed $5,000 to help him out of the embarrassments connected with the failure of the bank, and he proposed to Allen that, if the North Dakota Bank would aid him in obtaining a loan of that amount, he would secure the deposit of that firm in the said First National Bank. Allen, in his individual name, opened a correspondence with the plaintiff, Clarke, who was a non-resident, which resulted in obtaining a loan from Clarke to Wallace for the required amount, the note to be guaranteed by the North Dakota Bank. Accordingly Wallace executed the note, and Allen guaranteed it in the name of the North Dakota Bank, and the money was paid over to Wallace. Plaintiff Clarke, loaned the money largely on the credit of the North Dakota Bank. Wallace secured the deposit of the North Dakota Bank in the First National Bank by delivering collaterals to Allen, and the amount of the deposit was subsequently realized out of the collaterals. Allen had no express authority from the other members of the firm to guaranty the note of Wallace, nor did the other members of the firm have any knowledge of such guaranty, or ever in any manner ratify the same, nor did they, prior to the bringing of this action, have any knowledge that the deposit in the First National Bank was paid from the proceeds of collaterals delivered by Wallace to Allen.

This action, so far as these appellants are concerned, is brought on the guaranty heretofore mentioned, the defense being lack of authority on the part of Allen to thus bind the firm. The contract of guaranty was entered into contemporaneously

with the execution of the note, and plaintiff parted with his money largely upon the strength of the guaranty, and the consideration therefor was ample. Baylies, Sur. 54, 55; 9 Amer & Eng. Enc. Law, 69, and cases cited. The benefit received by the firm in obtaining security on its deposit in the First National Bank becomes material only so far as it bears upon the question of the authority of Allen to bind the firm. It is not usual for persons in business to make themselves answerable for the conduct of other people; and it is settled law that the party who takes a promissory note bearing the endorsement of a firm, either as guarantors or sureties, takes it burdened with the presumption that the firm name was not signed in the usual course of partnership business, and no recovery can be had by simply show-- -ing the endorsement. The holder is required to show special authority to make the endorsement on the part of the partner by whom the firm name was signed, or an authority to be implied from the common course of business of the firm, or previous course of dealing between parties, or that the endorsement was subsequently adopted- and acted upon by the firm. Sweetser. v. French. 2 Cush. 309: Schermerhorn v. Schermerhorn, 1 Wend. 119; Bank v. Bowen, 7 Wend. 158; Foot v. Sabin, 19 Johns. 154; Bank v. McDonald, 127 Mass. 82; Moynahan v. Hanaford, 42 Mich. 329, 3 N.W. Rep. 944. In this case there was no previous course of dealings between the parties from which authority on the part of Allen to guaranty in the firm name could be implied; there was no express authority, and no subsequent ratification on the part of the firm, or any member thereof. But it is claimed that the indorsement was made for the purpose of preserving the firm assets or collecting a firm debt, and that the implied powers of a partner cover such a case. We think, however, that plaintiff seeks to push the rule further than any decided case warrants. The case of Andrews v. Congar, 102 U. S. (Co Op. Ed.) bottom page 90, is cited to support the contention. It does not go so far. In that case one member of a firm, without the consent of his copartners, indorsed in the firm name certain notes issued by a corporation. It appeared, however, that the firm owned a majority of the stock of the corporation, and the larger part of the benefits arising from the notes accrued at once to the firm.

The business of the corporation might almost be regarded as a branch of the business of the firm.

But the correctness of the decision in that case seems to be questioned in Bates on Partnership, (vol. 1, § 321,) and it no doubt goes as far as any court has gone in that direction. In Lindley on Partnership, 341, (bottom paging,) it is said: "The latter cases, however, decide that, unless it can be shown that the giving of guaranties is necessary for carrying on the business of the firm in the ordinary way, one of the members will be held to have no implied authority to bind the firm by them." Nor do we think that one partner has any implied power to bind his firm in the use of unusual and extraordinary means for collecting a debt. In this case the guaranty was not necessary to carry on the firm business in the ordinary way. It does not appear but that the deposit of the firm would have been paid in full without the guaranty; but further than that we are not willing to hold that one member of a firm, in order to secure a debt, has implied authority to bind a firm for a distinct and separate liability to a third person; and particularly must that be true where, as in this case, the liability incurred is several times greater than the debt sought to be secured. It can be readily seen that any different rule would be extremely hazardous. As fully sustaining our views, see Moore v. Stevens, 60 Miss. 809; Macklin v. Kerr, 28 U. C. C. P. 90. Plaintiff failed to establish any liability upon the guaranty in suit as against these appellants, and the judgment of the lower court as to them must be reversed, and a new trial ordered. All concur.