### SEWELL et al. v. COLLISON.

(Supreme Court, Appellate Division, Second Department.    January 10, 1908.)

BROKERS—ACTIONS FOR COMMISSIONS—EVIDENCE.

In an action by real estate brokers to recover commissions for the sale of property which defendant had withdrawn from their hands and placed with another firm, who effected the sale, where plaintiffs at the trial claimed that defendant's purpose in withdrawing the property was to escape payment of plaintiffs' commissions, evidence that defendant had paid commissions to the other firm for effecting the sale was relevant on that issue.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Samuel D. Sewell and another, copartners, against Charles H. Collison. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Ernest M. Garbe, for appellant.
John M. Braisted, for respondents.

HOOKER, J.   The plaintiffs were real estate brokers, and have had a judgment against the defendant for the amount of commissions for

the sale of certain real estate owned by the defendant. It appears that, after the plaintiffs had done considerable work in trying to effectuate a sale of the property, the defendant withdrew it from their hands and attempted to terminate the agency, and soon afterward sold it to the person whom the plaintiffs had interested and whom the latter had introduced to the defendant. Upon this proof, and the incidents that went with it, the plaintiffs charged upon the trial that the defendant acted in bad faith in attemping to terminate the agency, and that his purpose in doing so was to escape the payment of commissions to the plaintiffs. The sale was actually made through another firm of brokers. On direct examination the defendant was asked:

"Did you pay Griffith & Son [the other brokers] commission for the sale of this property?"

The question was objected to by the plaintiffs, and the objection was sustained. This ruling of the court was error, for which the judgment must be reversed. The issue of the purpose of the defendant to escape paying commissions to the plaintiffs was tendered by them. A common method of evidencing design or plan is by showing conduct circumstantially indicating it. Evidence of the conduct of the defendant in paying commissions to other brokers was relevant upon this issue, because the conduct tends to reflect the design or purpose, in that under usual circumstances the defendant would not withdraw the property from one broker, for the purpose of avoiding the payment of commissions, and straightway pay commissions to another broker.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.