ARTHUR H. CRIST, Appellant, *v.* JOSHUA F. TURNER, Respondent.

Third Department, November 29, 1916.

Sale — written contract restricting warranties as to automobiles to those of manufacturer — proof insufficient to establish warranty by selling agent — erroneous charge.

When a written contract for the purchase of an automobile expressly provided that all cars, tires and equipment sold by the vendor are guaranteed by the makers and that the vendor under no circumstances assumed any further responsibity than to assist customers in obtaining an adjustment under the terms of said guaranty, and a purchaser sued for a portion of the purchase price of an automobile asserts as a counterclaim a breach of warranty by the vendor, such warranty is inconsistent with the terms of the contract.

Where there was no proof that it is the custom for both the manufacturer and selling agent of automobiles to make warranties as to cars sold, it was reversible error for the court to charge as a matter of law that it was within the apparent scope of the agent's authority to make a warranty.

HOWARD, J., dissented.

APPEAL by the plaintiff, Arthur H. Crist, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Otsego on the 20th day of March, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 15th day of March, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Campbell & Pierson* [*J. Samuel Campbell* of counsel], for the appellant.

*Pratt & Comstock* [*Willard R. Pratt* of counsel], for the respondent.

COCHRANE, J.:

This is an action on a promissory note given in part payment of an automobile sold by the plaintiff to the defendant. The defendant alleges a counterclaim based on an alleged breach of warranty by the plaintiff on such sale. The plaintiff was in the business of selling automobiles and the sale and alleged warranty were made by his agent at his place of business. An order for the automobile was signed by defendant and the agent on a blank form properly filled out, which form was one of those in use by the plaintiff. At the bottom of the order was the following: "All cars, tires and equipments sold by us are guaranteed by the makers and we do not under any circumstances assume any further responsibility than to assist our customers to get the best adjusting possible under the terms of such guarantees." The defendant does not deny that he read the foregoing statement at the foot of his order and understood its purport. It was in duplicate and he had a copy. Such statement is manifestly inconsistent with the existence of the alleged warranty. It is undisputed that the manufacturer furnished a warranty which went with the car and an identification order was given to the defendant whereby he could obtain from the manufacturer the benefit of this warranty. The plaintiff contended that his agent had no authority to make a warranty, if one was made, and there is no evidence of express authority in the agent to do so. Neither is there any evidence of custom or usage for an agent selling automobiles under circumstances similar to those under which this sale was made to warrant the same. The court instructed the jury that as matter of law it was within the apparent scope of the agent's authority to make a warranty. The rule on this question was stated in *Wait* v. *Borne* (123 N. Y. 605) as follows: "And if in the sale of that kind or class of goods thus confided to him it is usual in the market to give a warranty, the agent may give that warranty in order to effect a sale, and the law presumes

that he has such authority. If the agent, with express authority to sell, has no actual authority to warrant, no authority can be implied where the property is of a description not usually sold with warranty. (*Smith* v. *Tracy,* 36 N. Y. 79.) * * * It must be usual for the agent to have power to warrant in order to carry out the object and to sell the article confided to him for sale before the law will imply such power, and it is a question for the jury to determine what is usual." *Smith* v. *Tracy* (*supra*) contains an elaborate discussion of the same proposition to the same effect. It would seem, therefore, that the jury were erroneously instructed on a vital question in the case. It certainly cannot be assumed that it is the usual custom for both the manufacturer and an agent of the seller to make a warranty in respect to the same sale. The defendant concededly had a warranty of the manufacturer and a remedy thereunder. Neither is it within the apparent scope of an agent's authority to make a warranty where, as here, the seller virtually informs the buyer that he assumes no responsibility except to assist him to get the best adjustment possible under the warranty of the manufacturer. Under all the circumstances in this case it cannot be assumed as matter of law that the agent of the plaintiff was authorized to make the warranty claimed to have been made in this case. That he did make such warranty has been found by the jury on sufficient evidence, but his authority to make it and bind his principal thereby is a more serious question, and one which under the charge of the court has not been answered by the jury with a correct understanding of the law.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except HOWARD, J., who dissented.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.