FIRST NATIONAL BANK OF ANN ARBOR, MICHIGAN, Respondent, v. JOHN FARSON et al., Individually and as Copartners under the Name of FARSON, SON & COMPANY, Appellants.

**Partnership — implied authority of partner to bind firm by guaranty of goods sold, springs only from usage of business — in absence of finding of such usage, surviving partners of firm not liable on contract of guaranty made by deceased partner — burden of proof on purchaser to show authority of partner to guarantee.**

1. It is a general rule that the power of an agent to bind the principal in contracts of guaranty or suretyship can only be charged against the principal by necessary implication, where the duties to be performed cannot be discharged without the exercise of such a power, or where the power is a manifestly necessary and customary incident of the authority bestowed upon the agent, and where the power is practically indispensable to acomplish the object in view.

2. In making sales of the property of the partnership implied authority to guarantee may spring from the usage of the business in which the partnership is engaged. If in that business it is usual to give the guaranty in making the sale, the authority to sell carries with it the power of guaranty, but when a party takes a guaranty, to which a partnership name is signed, the burden of proof is on him to show that the partner who signed such name had authority from one of the legitimate sources so to do.

3. Where, in an action to recover the face value of and unpaid interest on certain defaulted bonds, sold to plaintiff by a firm of which defendants are surviving partners, payment of the principal and interest of which bonds was guaranteed by a written instrument signed in the name of said firm by one of its members, since deceased, there is no evidence of his authority and no finding that in the business in which the partnership was engaged the usage of guaranteeing the payment of the bonds or securities sold by them existed, a conclusion of law that the surviving partners are liable for the amount claimed is ill-founded and invalid.

*First National Bank* v. *Farson,* 178 App. Div. 135, reversed.

(Argued March 6, 1919; decided April 22, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 22, 1917, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Simon Fleischmann, Walter H. Pollak* and *Saul S. Myers* for appellants. The general rule of law is, that one partner cannot bind the copartnership by an agreement of guaranty. He may subject his fellows to obligations of their own common business but not to obligations which a third person incurs in the conduct of their business. (Lindley on Part. [7th ed.] 147, *Ex parte Gardone,* 15 Ves. 286; *Crawford* v. *Sterling,* 4 Esp. 206; *Matter of Cunningham, Ltd.,* L. R., 36 Ch. Div. 523; *Hasleham* v. *Young,* L. R., 5 Q. B. 833; *Foot* v. *Sabin,* 19 Johns. 155; *Smith* v. *Weston,* 159 N. Y. 194; *Stall* v. *Catskill Bank,* 18 Wend. 466; *Laverty* v. *Burr,* 1 Wend. 529; *Boyd* v. *Plumb,* 7 Wend. 309; *Mercier* v. *Andrus,* 10 Wend. 461; *Gansevoort* v. *Williams,* 14 Wend. 134; *Joyce* v. *Williams,* 14 Wend. 141; *Wilson* v. *Williams,* 14 Wend. 146.) The burden of proof is upon the party taking a guaranty in a partnership name to show that the partner who signed such partnership name was

authorized so to do by the other partners, or that it was necessary to, or usual in the business of the copartnership. (*Osborn & Co. v. Thompson*, 35 Minn. 229; *McGuire v. Blanton*, 5 Humph. 361; *Osborn & Co. v. Stone*, 30 Minn. 25; *Schermerhorn v. Schermerhorn*, 1 Wend. 119; *Laverty v. Burr*, 1 Wend. 529; *Sweetser v. French*, 2 Cush. [Mass.] 309; *Boyd v. Plumb*, 7 Wend. 309; *Butterfield v. Hemsley*, 12 Gray [Mass.], 226, 227; *Rollins v. Stephens*, 31 Me. 454; *Hibbler v. Pierson*, 6 Ala. 92; *Mauldin v. Branch Bank of Mobile*, 2 Ala. 502.)

*Arnold L. Davis* and *Guy C. Heater* for respondent. The defendant John Farson was bound by the act of his father and partner in the execution of the warranty made the subject of this action. (*Union Nat. Bank v. Underhill*, 102 N. Y. 336; *Johnston v. Trask*, 116 N. Y. 136.)

Collin, J. The plaintiff recovered a judgment in the amount of the face value of five bonds of the Eden Irrigation and Land Company, in virtue of a guaranty executed in the name, " Farson, Son & Co." The claim of the defendants is that the member of " Farson, Son & Co." who executed the guaranty, in executing it, exceeded his authority. The findings of fact of the Trial Term were unanimously affirmed by the Appellate Division.

The cardinal· facts are: At the times involved, John Farson, Sr., and the defendant John Farson were the members of a general partnership in the name of Farson, Son & Company. They, as the partnership, carried on the business of buying · and selling bonds and other securities. On or about April 10, 1908, a salesman of the firm sold to the plaintiff the five bonds we have mentioned. Each bond was of one thousand dollars, was dated January first, 1907, was payable January first, 1916, with interest payable semi-annually, and was owned by the partnership. The salesman, in negotiating the sale, offered, on behalf of the partnership, under the

authorization of John Farson, Sr., to guarantee the principal and interest of the bonds. In closing the sale the cashier of the partnership, one Parrott, authorized thereunto by John Farson, Sr., delivered to the plaintiff through the mail a written instrument with the signature " John Farson, Son & Co." made by John Farson, Sr., which contained, among other things, the stipulation: " For value received, we hereby guarantee payment of principal and interest promptly at maturity of the following bonds, namely:" followed by a designation of the five bonds. The acts of John Farson, Sr., were performed by him purporting to act as a member of the firm. The obligor in the bonds did not pay the principal sum of them at maturity or at any time, or the interest due upon them from July 1, 1915. In case the defendant John Farson, who is the surviving member of the partnership, is liable to the plaintiff, by reason of the guaranty, William Farson is also liable, by reason of an agreement between him and John Farson. The finding of the trial court, as a conclusion of law, " there is now due and owing from the defendants and each of them to the plaintiff the principal sum of the face value of. the bonds and the unpaid interest," was duly excepted to. We are to determine whether or not the findings of fact sustain the conclusion of law and the consequent judgment.

The partnership was a trading or commercial partnership. (*Kimbro* v. *Bullitt,* 22 How. [U. S.] 256, 268; *Pease* v. *Cole,* 53 Conn. 53; *Marsh* v. *Wheeler,* 77 Conn. 449; 1 Bates on Partnership, 327.) Each partner possessed the powers the law attributes to a member of a partnership of that nature. Each constituted the other his agent for the purpose of entering into all contracts for him, and for the partnership, within the scope of the partnership business. The law of agency mainly, although not exclusively, governs the relations of partners to each other, and to the persons who deal with the partnership. Each partner acts, as to himself, as a princi-

pal, having a joint interest in the partnership property, and, as to each other partner, as a general agent. The implied powers of a partner rest in the usages and business methods of those conducting commerce and trade, and grew out of the necessities of commercial business. They do not extend broadly to partners in non-trading partnerships. As to third persons, the authority to a partner must be found in the actual agreement of the partners, or through implication, in the nature of the business according to the usual and ordinary course in which it is carried on by those engaged in it in the locality which is its seat, or as reasonably necessary or fit for its successful prosecution. If it cannot be found in those, it may still be inferred from the actual though exceptional course and conduct of the business of the particular partnership itself, as personally carried on with the knowledge, actual or presumed, of the partner sought to be charged. The power or authority of a partner in a commercial partnership is to be tested and measured, when the actual agreements between the partners are unknown, by the ordinary usages of and the methods customarily used in partnerships conducting a business like unto, or by the usages and methods of, his own partnership. Each partner is impliedly empowered to conduct the business in the way usual to that class of business, or to his partnership. (Partnership Law [Cons. Laws, chapter 39], section 5; *Winship* v. *Bank of the United States,* 5 Peters, 529, 563; *Irwin* v. *Williar,* 110 U. S. 499, 505; *Nemeth* v. *Tracy,* 217 N. Y. 714; *King* v. *Sarria,* 69 N. Y. 24.)

The instant case does not involve, through the findings or evidence or the briefs or argument of counsel, a method or course of dealing peculiar to Farson, Son & Company, or a ratification of or acquiescence in the guaranty by John Farson, or an express or actual authorization to John Farson, Sr., to execute it. The findings present us with the facts: the existence of the partnership; the nature of its business; the sale and the attendant

circumstances; the execution of the guaranty and the consequent liability. Those findings do not directly or by just and reasonable inference beget the conclusion that persons engaged in the business of buying and selling bonds and other securities in the cities of New York and Chicago, customarily and as an ordinary usage in selling bonds owned by them, guaranteed the payment of the principal and interest of the bonds. The law has known and recognized certain transactions and contracts of one partner as binding upon the other partners and the partnership, because they were manifestly within the scope or objects of the partnership; they were directly and reasonably, if not necessarily, incident to or connected with the business of the partnership. Thus a member of a trading or commercial partnership has, through implication, the power to buy and sell the articles dealt in, to borrow money for the business and to give notes and checks of the partnership, to transfer and indorse by the partnership the notes and checks given the partnership, or enforce their payment by actions at law, or hire and discharge employees. Those acts and others are within the general usages and methods of those partnerships.

The only base upholding the implied authority of John Farson, Sr., to execute the guaranty must, under the findings of fact, arise from the general usages and methods of partnerships of its class. The guaranty executed by John Farson, Sr., to the plaintiff has two elements: the one, it guaranteed the payment of the debts of a third party, namely, the Eden Irrigation and Land Company; the other, the debts or bonds were the property of the partnership and the guaranty was made as a part of and, presumably, to effect a sale of them. The first element need not detain us, because it is a thoroughly established rule of law that a partner has not implied authority to bind his partner or the partnership by contracts of guaranty or suretyship, either for himself individually or for third persons. (*Laverty* v. *Burr,* 1 Wend. 529; *Foot* v. *Sabin,* 19 Johns.

154; *Bank of Fort Madison* v. *Alden,* 129 U. S. 372, 381; *Butterfield* v. *Hemsley,* 78 Mass. 226; *Rollins* v. *Stevens,* 31 Me. 454.) The second element requires more consideration. The law does not know, and the courts cannot know or take notice, that a general agent or a partner in making sales of the property of the principal or partnership is impliedly authorized by mere force of the agency to make any guaranty or warranty in relation to the article. Generally speaking, his implied authority, if he has it, springs from the usage of the business in which the principal or partnership is engaged. If in that business it is usual to give the guaranty in making the sale, the authority to sell carries with it the power to guarantee. (*Smith* v. *Tracy,* 36 N. Y. 79; *Wait* v. *Borne,* 123 N. Y. 592, 604; *Bierman* v. *City Mills Co.,* 151 N. Y. 482, 489; *Upton* v. *Suffolk County Mills,* 11 Cush. 586; *Waupaca Electric Light & Ry. Co.* v. *Milwaukee Electric Ry. & L. Co.,* 112 Wis. 469; *First National Bank of Dubuque* v. *Carpenter, Stibbs & Co.,* 41 Iowa, 518; *Sweetser* v. *French,* 2 Cush. 309; *Matter of Farmers' & Merchants' Bank,* 194 Mich. 200; *Hollister Brothers* v. *Bluthenthal & Bickart,* 9 Ga. App. 176; *Cockroft* v. *Claflin,* 64 Barb. 464; *Crist* v. *Turner,* 175 App. Div. 664; *Clarke* v. *Wallace,* 1 N. D. 407; *Brady* v. *Todd,* 9 C. B., N. S., 591.) For a decision of contrary import, see *McNeal* v. *Gossard* (6 Okla. 363). It is a general rule that the power of an agent to bind the principal in contracts of guaranty or suretyship can only be charged against the principal by necessary implication, where the duties to be performed cannot be discharged without the exercise of such a power, or where the power is a manifestly necessary and customary incident of the authority bestowed upon the agent, and where the power is practically indispensable to accomplish the object in view. (*Bickford* v. *Menier,* 107 N. Y. 490; *Williams* v. *Dugan,* 217 Mass. 526; Mechem on Agency, sections 389, 392; *Merchants' National Bank* v. *Nichols & Shepard Co.,* 223 Ill. 41.)

There is not a finding that in the business in which Farson, Son & Company were engaged the usage of guaranteeing the payment of the bonds or securities sold existed.   The conclusion of law was ill-founded and invalid without it.

Undoubtedly, emergencies or extraordinary conditions may arise in virtue of which the ordinary extent of the authority of the agent will be enlarged.   As I am recommending the granting of a new trial, I refer to the rule: When a party takes a guaranty, to which the partnership name is signed, the burden of proof is on him to show that the partner who signed such name had authority, from one of the legitimate sources, so to do.   (*Rollins* v. *Stevens*, 31 Me. 454; *Herring, Farrell & Sherman* v. *Skaggs*, 62 Ala. 186; *Sibley* v. *American Exchange Nat. Bank*, 97 Ga. 126; *Standard Wagon Co. of Georgia* v. *Few & Co.*, 119 Ga. 293, and cases above cited.)

I recommend that the judgment be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.