JULIUS MAUTNER, Respondent, v. CHARLES EITINGON, Individually and as a Surviving Copartner of W. EITINGON & Co., Defendant, Impleaded with MOTTY EITINGON, Appellant. (Action No. 2.)

First Department, July 1, 1921.

**Partnership — simple contract executed by part of partners binds all though sealed — complaint in action for accounting on sealed contract — implied ratification.**

A simple contract executed by a part of the members of a partnership entered into in the course of the partnership business, which is not by law or by the custom of trade required to be under seal, and which would bind the partnership if it were executed as a simple contract, will bind all the partners though there may have been an unnecessary seal attached, and in an action thereon for an accounting, a complaint against all of the partners is good, though it is not alleged that the partner who did not execute the instrument had ratified, approved or confirmed the contract or knowingly received benefits thereunder.

Furthermore, the allegations in the complaint that the parties for several years did business under the contract and that the defendants realized large profits therefrom tend to show that the defendants did, by accepting the benefits of the contract, impliedly ratify it.

APPEAL by the defendant, Motty Eitingon, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of March, 1921, overruling said defendant's demurrer to the complaint.

*John Schulman* of counsel [*Hays & Wadhams*, attorneys], for the appellant.

*Bertram Sommer*, for the respondent.

PAGE, J.:

This action is brought against Charles Eitingon and Motty Eitingon, individually and as surviving copartners of W. Eitingon & Co., for an accounting of a joint adventure, entered into pursuant to a written contract under seal. The complaint alleges that at all the times therein mentioned and at the time of the making of the agreement defendants were with one Waldemar Eitingon, now deceased, copartners doing business under the name and style of W. Eitingon & Co. The agreement, a copy of which is set forth in the complaint, recites that it was made between Waldemar Eitingon of the city of New York and Charles Eitingon of the city of Leipsic, Germany, copartners doing business under the firm name of W. Eitingon & Co., and the plaintiff and one Ahlswede, copartners doing business under the firm name of Mautner & Ahlswede; and it is signed and sealed as follows:

> " W. EITINGON & CO. (Seal.)
> " MAUTNER & AHLSWEDE (Seal)."

The agreement was terminated by mutual consent on January 1, 1920.

The point urged in support of the demurrer is that the defendant Motty Eitingon is not named as a party to the agreement; and as it is under seal, he cannot be held liable thereon, because the complaint contains no allegation that he ratified, approved or confirmed the contract, nor any allegation that he knowingly received any benefits thereunder. In my opinion the objection is not well founded.

" Each partner possessed the powers the law attributes to a member of a partnership of that nature. Each constituted the other his agent for the purpose of entering into

all contracts for him, and for the partnership, within the scope of the partnership business." (*First National Bank* v. *Farson*, 226 N. Y. 218, 221.)

The general rule at common law was that one partner had no implied authority, by virtue of the partnership relation alone, to bind the firm or other partners by instruments under seal; hence a sealed instrument executed in the name of a firm by one of its members, without proper authority, where a seal was necessary, was the deed of such member only, and he alone was bound by it. (*Gibson* v. *Warden,* 14 Wall. 244, 247. The reason of this rule was that as a partnership is ordinarily formed for the purpose of commercial transactions, and the contracts and documents used in such transactions do not require seals, authority to one partner to execute a deed of the property of the copartnership, or a bond, which is required to be under seal, cannot be inferred, but must be specially conferred, or the act subsequently ratified, such instruments not being within the usual scope of the purposes of the partnership. Where a certain class of sealed instruments was ordinarily used in the course of the business to transact which the partnership was formed, so that the use of them was necessary to the transaction of the business, implied power to one partner to execute them in the name of the firm was recognized and his signing and sealing in the firm name bound the partnership and the individual members. Thus a charter party, which is always a sealed instrument, executed by one member of a firm in the partnership name, bound all. (*Straffin* v. *Newell*, T. U. P. Charlt. [Ga.] 163; 4 Am. Dec. 705.) It logically follows that if the partner executes an instrument which is not by law or by the custom of trade required to be under seal, and which would bind the partners if it were executed as a simple contract, it will bind them, although there may have been an unnecessary seal attached; and the seal is regarded as surplusage. (*Gibson* v. *Warden, supra; Worrall* v. *Munn*, 5 N. Y. 229, 243, and cases there cited.)

Each partner is the general agent of the partnership and of the other members of the firm for the transaction of the partnership business. The contract in this action was a commercial transaction entered into in the course of its

business and for its benefit. A seal was not necessary to give it validity, nor are such contracts usually executed under seal by merchants. It is a case where an agent duly authorized to make the contract placed an unnecessary seal on it. Therefore, Motty Eitingon, being a member of the partnership of W. Eitingon & Co., was bound by the contract although not specifically mentioned therein.

Furthermore, the allegations in the complaint that the parties for nearly ten years did business under the contract and that the defendants realized large profits therefrom and have not accounted to the plaintiff therefor, tend to show that the defendants by accepting the benefits of the contract have impliedly ratified it. The complaint states a cause of action against the defendants.

The order overruling the demurrer and granting leave to withdraw the demurrer and answer is affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of said costs and ten dollars costs of motion at Special Term.