EMIL M. GOODMAN, Appellant, *v.* TAILORED SILK UNDERGARMENT Co., INC., Respondent.

Supreme Court, Appellate Term, First Department, April 19, 1928.

**Brokers — commissions — action by broker for commission earned — receipt for commission and general release executed by another broker were not proper evidence.**

It was reversible error in this action by a broker for commission earned to admit evidence of a receipt for the commission and a general release executed by another broker, since the evidence is clearly incompetent.

APPEAL by plaintiff from judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of defendant, and from an order joining plaintiff Emil Goodman as party defendant.

*Arnstein & Levy* [*Morris J. Bricker* of counsel], for the appellant.

*Herman Goldman*, for the respondent.

BIJUR, J.   In this action by a broker for commission earned, the defendant put in evidence a receipt for the commission and a general release executed by another broker.   The evidence was objected to as incompetent, immaterial and irrelevant, and its incompetency is self-evident.   The admissibility of even competent evidence of such a payment is very much limited.   It is spoken of as possibly relevant in the case cited by respondent, namely, *Hendricks* v. *Daniels* (19 N. Y. Supp. 414).   It is expressly approved in but a single case, namely, *Sewell* v. *Collison* (123 App. Div. 586) as justified where plaintiff tenders the issue of defendant's bad faith in attempting to avoid the payment of *any* commission. (See, also, *Parnall* v. *Farson*, 199 App. Div. 525, 530.)   As such an issue would ordinarily not be permitted to obtrude itself upon the trial, it is evident that cases in which such evidence becomes material are very rare.   The error is emphasized in the instant case by the claim that the circumstances of this payment, if there were one, might raise grave doubt as to the defendant's good faith, and that oral evidence on the subject with the correlative right to cross-examination might prove favorable to plaintiff's version. The error cannot, therefore, be regarded as immaterial.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and LEVY, JJ.