ELIZABETH C. ROBERTS, Respondent, *v.* CHARLES JOHNSON et al., Appellants.

An action for injuries sustained through the negligence of an employe of a firm may be brought against any one or more, or all, of its members.

Where, in an action for tort against two or more defendants, the complaint is dismissed as to one, without costs, and he does not appeal, the question whether he was entitled to costs cannot be raised upon appeal by the other defendants.

A physician and surgeon, showing himself otherwise qualified, is not disqualified from giving an opinion as an expert by the fact that, at the time of the occurrence in reference to which he is called upon to testify, he was not in full practice.   It is simply a matter for the consideration of the jury in determining what weight should be given to his opinion.

Plaintiff was a passenger in one of defendants' stages.   As she was getting out the horses started up, and by reason thereof she was thrown down and injured.   In an action to recover damages, *held*, that the facts showed, *prima facie*, either that the horses were unsuitable for the business or that the driver was incompetent or negligent; and, in the absence of proof that the occurrence of something beyond the control of the driver or the proprietors caused the horses to start, was sufficient to sustain a recovery.

Plaintiff, as a witness, was asked if the driver made any remarks to her as she was getting into the stage. This was objected to and objection overruled. The witness, in answer, stated some violent language used by the driver. This was subsequently, on motion, stricken out and the jury directed to disregard it. *Held*, that the question was proper; or, if not, an answer thereto could not have prejudiced; that the answer given was not responsive; and that, therefore, the exception was not well taken.

The complaint alleged that defendants were common carriers of passengers by omnibus or stage, and that they undertook to carry plaintiff for hire. *Held*, sufficient; that whether they received any compensation from other passengers was immaterial and not necessary to be alleged.

(Argued October 6, 1874; decided November 10, 1874.)

Appeal from judgment of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff entered upon a verdict and affirming an order denying a motion for a new trial. (Reported below, 5 Jones & Spencer, 157.)

This action was brought against defendants to recover damages alleged to have been sustained through defendants negligence.

The complaint alleged, in substance, that the defendants were copartners doing business under the firm name of Johnson & Shepard, as common carriers of passengers by omnibus or stage, and were owners of a line of omnibuses or stages in the city of New York; that they received plaintiff into one of their stages to be carried for hire; that by the negligence and improper conduct of the defendants or their employe, while in the act of descending from the stage, she was thrown down and injured. The answer was a general denial.

At the commencement of the trial defendants' counsel moved to dismiss the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The motion was denied and defendants' counsel excepted.

Plaintiff was a large fleshy woman. She testified that when she was getting into the stage the driver allowed his horses to "hitch along" several times, and after she got in

he started so suddenly before she got a seat that she was thrown down. She was asked if she recollected whether the driver made any remarks to her as she was getting in. This was objected to and objection overruled. The witness answered that he did, something in reference to her not getting in sooner, just what she did not understand, but that it was with an oath. This testimony was subsequently, upon defendants' motion, stricken out and the court directed the jury to disregard it. The witness further testified that when she desired to get out she pulled the strap, and the stage stopped; that she stepped out, and just as she was about to step from the last step to the ground the driver started again. She was thrown down violently and seriously injured.

The plaintiff was attended after the injury by her brother, who testified that he was a physician graduated at the University of New York; had practiced some years; was in the army as a surgeon for about two years. That at the time of the injury he had retired from active practice, although he did not cease to see patients and prescribe for them when they came to see him. He was then asked several questions calling for his opinion as to the character and extent of the injury and the proper treatment, which were objected to upon the ground that the witness had not shown himself qualified to speak as an expert. The objections were overruled and defendants' counsel excepted.

It appeared upon the trial that Walter B. Palmer, one of the defendants, was not a partner in the firm at the time of the accident, but that Francis A. Palmer was. At the close of plaintiff's evidence plaintiff's counsel moved to amend the complaint by striking out the name of Walter B. Palmer as defendant, without costs. The motion was granted and defendants' counsel excepted. Defendants' counsel moved for a dismissal of the complaint as to all the defendants, which was denied and exception taken.

Walter B. Palmer did not appeal.

*William Hildreth Field* for the appellants. The court erred in allowing the witness Hewett to be examined as an expert. (*Slater* v. *Wilcox*, 57 Barb., 604; *Emerson* v. *Lowell G. L. Co.*, 6 Al., 46; *Walsh* v. *Wash. M. Ins. Co.*, 32 N. Y., 427; *Buel* v. *N. Y. C. R. R. Co.*, 31 id., 314; *Mattison* v. *N. Y. C. R. R. Co.*, 35 id., 487.) The court erred in receiving evidence of the driver's language to plaintiff on entering the stage; and the error was not corrected by striking out the testimony and directing the jury to disregard it. (Hilliard on N. T., chap. 13, § 2; 1st ed., 312; 2d ed., 408; *Penfield* v. *Carpender*, 13 J. R., 349; *Erben* v. *Lorillard*, 19 N. Y., 299; *Anderson* v. *R., W. and O. R. R. Co.*, 54 id., 341.) To warrant a recovery it must be shown that the damage was the legal and natural consequence of defendants' acts. (*Butler* v. *Kent*, 19 J. R., 223; *Harvey* v. *Dunlop*, H. & D. Supp., 193.) To warrant the assumption that the starting of the horses was negligence there must be proof that such starting was by the act or negligence of the driver. (S. & R. on Neg., 310, 314; *Chicago R. Co.* v. *Hazzard*, 26 Ill, 373; *Farrish* v. *Reiga*, 11 Gratt., 697; *Brehm* v. *G. W. R. Co.*, 34 Barb., 256.)

*John L. Hill* for the respondent. It was proper for the court to instruct the jury to disregard the evidence of what the driver said when plaintiff entered the stage. The presumption is they did, and the *onus* is on defendants to show the contrary. (*Garfield* v. *Kirk*, 65 Barb., 464.) Plaintiff showed a plain case of neglect. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y., 47.)

GROVER, J. The non-joinder of F. A. Palmer as a defendant was not set up in the answer. This, if such joinder was necessary, was a waiver of the objection. (Code, § 148.) But it was not necessary. The action was for a tort. In such cases, the plaintiff may proceed against any one, all, or such number of the wrong-doers as he may choose. W. B. Palmer has not appealed from the judgment. The other

defendants have no interest in the question whether he was entitled to costs upon the dismissal of the complaint as to him, and cannot raise it upon their appeal.

James D. Hewitt was competent to give an opinion upon medical and surgical questions. He was a physician, graduate of a medical college; had practiced for a series of years, and been a surgeon in the army for a considerable period. The fact that he was not in full practice at the time of the occurrence in question did not show a disqualification in this respect. That was a matter for the consideration of the jury, in determining what weight they would attach to his opinion. The court did not hold that what the driver said when the plaintiff got into the stage was competent evidence. The question was simply whether the witness recollected whether the driver made any remarks to her at that time. The question did not call for what he said. An answer to the former may have been competent for various purposes, and, if not, could not have prejudiced the defendants. The exception was not well taken.

The complaint, though informal, was sufficient. It alleged that, at the time in question, the defendants were common carriers of passengers, by omnibus or stage, and that they undertook to carry the plaintiff in such vehicle for hire. Whether they received any compensation from the other passengers was immaterial. The proof of the driver's negligence was sufficient to warrant the submission of that question to the jury. It tended to show that, while the plaintiff was getting out, the horses started, by means of which the plaintiff was violently thrown upon the ground and injured. This showed, *prima facie*, either that the horses were unsuitable for such service, or the driver incompetent or negligent in the performance of his duty. If the starting of the horses was attributable to some other cause, for which the defendants were not responsible, it was for them to show it. This results from the fact that where proper horses and suitable drivers, who attend to their business, are employed, the horses will not start while passengers are getting into and out of the

stage.    If any thing occurs causing such a start, which is beyond the control of the driver or proprietor, they can readily show it.    Such a fact is peculiarly within their knowledge, while, in most cases, the persons injured would be entirely ignorant of it.

The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.