By the Court.—Sedgwick, Ch. J.
The complaint charges that the plaintiff was employed as a seaman on a bark, for a voyage to Java and back; that while on the voyage, he was thrown upon the deck, by reason of a sea striking the vessel, thereupon receiving injuries to his body and especially his arm ; that the master proceeded to treat him for his injuries but “ negligently and carelessly treated and used the arm and hand of plaintiff, and carelessly and negligently and wrongfully applied medicines bandages and other appliances to the wounds and injuries of the plaintiffthat “by reason of the said negligence and the insufficient and defective supply of medicines, the plaintiff’s hand and arm became worse so that when the vessel arrived at Batavia, in the island of Java, the same had become seriously diseased and in a highly dangerous and inflamed condition that the master detained the plaintiff on board and wrongfully neglected and carelessly refused to allow him, and prevented him, from being treated by competent physicians and surgeons, at Batavia ; that subsequently, upon the further prosecution of the voyage back “ plaintiff was disabled and unable to do duty and without any fault or negligence on his part, but nevertheless while so • disabled and while his injuries were increasing by reason of said negligent, careless and wrongful conduct of said master, the said master ordered and .compelled plaintiff to perform duty as a seaman, which for the said reason he was totally unable to perform without great injury to his health and body, and which aggravated the said injuries and prevented him from getting cured and causing him by the reason of the said conduct to be maimed for life.”
The complaint charged that the defendant was owner and employed the master, but the answer, in the defense *51 demurred to, and therefore admitted to be true, in point of fact, averred that that there were other owners and named them.
The appellant’s counsel claims that the complaint does not state a cause of action. In Parsons on Maritime Law (vol. 1, 456), the law, upon the cases-cited in a note, is said to be that, “ there is by the general law merchant, an obligation upon every ship-owner or master to provide for a seaman who becomes sick or wounded or maimed, in the discharge of his duty whether at home or abroad, at sea or on land—if it be not by his own fault—suitable care, medicines and medical treatment, including nursing, diet and lodging. At first it was held, that the statute requiring a medicine-chest substituted this requirement for the new general requirement of law ; but it may be doubted, whether this is so in any degree, and it seems to be well settled that the general obligation of the law merchant remains in force, unless the medicine-chest is provided with medicines, and means of medical treatment which the particular case requires and there is sufficient skill on board to make a proper use of those medicines.”
The master was agent of the owners to perform the obligation that has been described. It was their duty to use through him suitable care. If, for sufficient reason, he should decline or omit to treat the seaman in any active way, he might be justified in that, but he could not lawfully treat him in a negligent manner. If he did as the complaint charges, it was negligence in an act within the scope of his employment-, for which the employers, the owners, were liable. This, may be applied to compelling the defendant to do the ordinary work of a seaman, when his injuries had unfitted him to do them, without making his state of body worse. This would not necessarily be a willful act, it might be inconsiderate or-negligent. If it were willful, it might still characterize an act which was within, the scope of the employment.
The duty violated was not one enjoined by the contract of shipping as a seaman, It had its existence outside of *52 that contract and would have been the same if the defendant were a seaman with duties to the masters and owners by virtue of a contract made with a third party. It had regard to the fact of the relations of owner or master and seaman. For this reason, if for no other, the demurrer to the answer that pleaded in abatement, that there were owners beside the defendant and naming them, was properly sustained. Chitty on Pleading, 87, gives the rule, which is also given 1 Saunders, 291, “ where an action in the case is brought merely for the non-feasance of a contract and in order to support the action, a contract must be proved and is the basis of the suit (as in case for a breach of warranty on a sale, etc.), the joinder of too many defendants will be ground of non-suit, and it would seem that if a joint contractor be not included, the defendant may plead his non-joinder in abatement; for it is not competent for the plaintiff, in such an instance, to alter or obviate the rules of laws, with regard to the parties to be sued on a contract, merely by varying the form of his action, when in substance it is founded on the agreement. But it must appear from this declaration that the gist of the action is a breach of contract. And with regard to carriers and innkeepers, as their liability is founded on the breach of an implied common-law duty, in respect of their particular capacities, if they be sued in case for negligence, no valid objection can be made in respect to the non-joinder of a party.” Roberts v. Johnson (58 N. Y. 613) followed this rule. In the present case, the duty is implied by the law-merchant, irrespective of the provisions of the shipping articles. The terms of the latter, however, do not appear upon the record.
The parties to the appeal, have not raised the question as to whether that which is appealed from is an interlocutory judgment. From the hearing of the appeal, it is not to be deemed, that any opinion is implied, that it is.
Interlocutory judgment affirmed with costs.
Truax and O’Gorman, J., concurred.