FREDERICK W. KAVANAUGH, Respondent, *v.* THOMAS A. MCINTYRE et al., Defendants, and JOHN G. MCINTYRE et al., Appellants.

**Partnership — tort — liability of a partner for torts committed by any member of the firm in the course of partnership business — discharge in bankruptcy — when it is not a defense in action against one partner for tort of another member of the firm.**

1. The individual members of a copartnership are civilly liable for torts of which they have no knowledge, committed by any member of the firm in the course of the partnership business.

2. A wrongful act done intentionally without just cause or excuse constitutes willful and malicious injury to property as those words are used in section 17 of the Bankruptcy Law, which provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except such debts as are liabilities for willful and malicious injuries to the property of another. (*Tinker* v. *Colwell*, 193 U. S. 473 [487], followed; *Crawford* v. *Burke*, 195 U. S. 176; *Tindle* v. *Birkett*, 183 N. Y. 267; 205 U. S. 183, distinguished.)

3. Defendant's firm received from plaintiff as security for an indebtedness stock and scrip, which it sold shortly after without the knowledge or consent of plaintiff and placed the avails to the account of the firm. The trial court found that thereby they committed willful and malicious injury to the property of plaintiff. *Held*, that a discharge in bankruptcy was not a defense to an action to recover the value of the securities.

*Kavanaugh* v. *McIntyre*, 151 App. Div. 910, affirmed.

(Argued January 22, 1914; decided February 3, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 27, 1912, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

It appears from the findings and decision of the trial court that in the month of February, 1908, the defendants John G. McIntyre, Thomas A. McIntyre, Jr., and Edward T. White, together with Thomas A. McIntyre, now deceased, and one George C. Ryan were partners as stockbrokers in the city of New York, under the firm name of T. A. McIntyre & Co.

The plaintiff's brother, George W. Kavanaugh, had a stock account with A. O. Brown & Co., another brokerage firm, upon which there was due $3,853.32, secured by certain railroad stock and scrip described in the findings by number. This account George W. Kavanaugh transferred to the plaintiff prior to February 5, 1908, as security for an indebtedness to the plaintiff. The stock and scrip were at that time worth about $25,000.

On February 5, 1908, the firm of T. A. McIntyre & Co., at the request of the plaintiff, paid to Brown & Co. the amount due them and received the stock and scrip and took over the account. Nothing further appears as to the nature of the account, but the court refused to find that the securities were deposited on margin.

Almost immediately after receiving the stock and scrip and beginning the very next day the firm of T. A.

McIntyre & Co., without the knowledge or consent of the plaintiff, sold the stock and scrip and placed the avails thereof in a bank account to the credit of the firm. Three-fourths in value of the securities were sold on or prior to February 14 and the remainder prior to March 18.

The trial court also found as a fact that the defendants and the other members of the firm of T. A. McIntyre & Co. in so disposing of the stock and scrip and in so disposing of the avails thereof "committed wilful and malicious injury to the property of the plaintiff."

On April 23, 1908, the firm of T. A. McIntyre & Co. filed a petition in bankruptcy and was afterwards adjudicated bankrupt. The plaintiff proved his claim against the bankrupt estate without waiving his legal rights as asserted in this action or in any other respect. It does not appear that the plaintiff has received any dividend on account of his claim.

The action was brought against the members of the firm of T. A. McIntyre & Co. to recover $30,000 damages for and on account of the facts stated. The defendants John G. McIntyre, Thomas A. McIntyre, Jr., and Edward T. White were subsequently discharged in bankruptcy. A discharge was denied the partner Ryan and Thomas A. McIntyre is dead.

John G. McIntyre, Thomas A. McIntyre, Jr., and Edward T. White have pleaded their discharge in bankruptcy as a separate defense in this action. The trial court found for the plaintiff and directed judgment against the defendants for the sum of $30,000. Judgment was entered accordingly and the same has been unanimously affirmed by the Appellate Division. The defendants appeal.

*Robert H. Patton* for John G. McIntyre et al., appellants. The defendants John G. McIntyre and Thomas A. McIntyre, Jr., were neither of them guilty of any injury to the plaintiff's property, and if there was any

wrongful sale or disposition of the plaintiff's property it was done without their knowledge, consent or participation. A cause of action for the conversion of property is a provable debt in bankruptcy and is released by a discharge in bankruptcy. (*Crawford* v. *Burke*, 195 U. S. 176; *Tindle* v. *Burkett*, 183 N. Y. 267; *Kavanaugh* v. *McIntyre*, 128 App. Div. 722; *Dunbar* v. *Dunbar*, 190 U. S. 340; *Chapman* v. *Forsythe*, 2 How. [U. S.] 207; *Hennequin* v. *Clews*, 111 U. S. 676; *Crawford* v. *Burke*, 195 U. S. 176; *Matter of Bullis*, 73 N. Y. Supp. 1656; *Smith & Wallace Co.* v. *Lambert*, 69 N. J. L. 487; *Morse* v. *Kaufman*, 100 Va. 218; *Goodman* v. *Berrman*, 172 Mo. 344.) An action for the conversion of property is not a liability for a willful or malicious injury to the person or property of another within the meaning of clause 2 of section 17 of the Bankruptcy Act of 1898 and the amendment of 1903. (*Matter of Wenham*, 153 Fed. Rep. 910; *Matter of Adler*, 152 Fed. Rep. 422; *Maxwell* v. *Martin*, 130 App. Div. 80; *Johnson* v. *Bruckheimer*, 133 App. Div. 650; *Fechter* v. *Postel*, 114 App. Div. 776; *Lewis* v. *Shaw*, 122 App. Div. 96; *Barrett* v. *Prince*, 16 Am. Bank. Rep. 64; *Matter of Floyd, Crawford & Co.*, 15 Am. Bank. Rep. 277; *Matter of Ennis & Stoppani*, 171 Fed. Rep. 755; *Matter of Toklas Bros.*, 201 Fed. Rep. 377.) No wrongful intent having been proved against the defendants John G. McIntyre or Thomas A. McIntyre, Jr., the judgment against them for a willful and malicious injury to property was erroneous. (*Matter of Schultz*, 109 Fed. Rep. 264; *Matter of Heyman*, 97 Fed. Rep. 195; *Matter of Brice*, 102 Fed. Rep. 115; *Matter of Meyers*, 105 Fed. Rep. 353; *Matter of Dresser*, 13 Am. Bank. Rep. 657; 146 Fed. Rep. 383; *Matter of Garrison*, 149 Fed. Rep. 178; *Matter of Schachter*, 170 Fed. Rep. 683; *Allen* v. *Fromme*, 193 N. Y. 407.)

*John J. O'Connell* and *Willard Schwartz* for Edward T. White, appellant. A cause of action for conversion

of property is a provable debt in bankruptcy and is released by a discharge whether it was willful and deliberate or not. (*Crawford* v. *Burke*, 195 U. S. 176; *Tindle* v. *Burkett*, 183 N. Y. 267; *Dunbar* v. *Dunbar*, 190 U. S. 340; *Chapman* v. *Forsythe*, 2 How. [U. S.] 207; *Hennequin* v. *Clews*, 111 U. S. 676; *Smith & Wallace Co.* v. *Lambert*, 69 N. J. L. 487; *Morse* v. *Kaufman*, 100 Va. 218; *Goodman* v. *Berrman*, 172 Mo. 344; *Gee* v. *Gee*, 84 Minn. 384; *Crosby* v. *Miller*, 25 R. I. 172.) A conversion, be it ever so willful, is not a willful or malicious injury to the person or property of another. (*Industrial, etc., Trust* v. *Todd*, 170 N. Y. 233.) The evidence establishes conclusively that the defendant White had no knowledge whatsoever of any of the acts constituting conversion. (*Second Nat. Bank* v. *Weston*, 172 N. Y. 250; *Hull* v. *Littauer*, 162 N. Y. 569; *Spring* v. *Millington*, 44 Misc. Rep. 625; *Van Nostrand* v. *Hubbard*, 35 App. Div. 201; *Denton* v. *Carroll*, 4 App. Div. 532; *Galle* v. *Tode*, 148 N. Y. 270; *Morehouse* v. *B. H. R. R. Co.*, 185 N. Y. 520.)

*Myer Nussbaum* for respondent. The findings as to the facts come clearly within the purview and meaning of subdivision 2, section 17 of the Bankruptcy Law. (*Matter of Peck*, 206 N. Y. 56; *Markham* v. *Jaudon*, 41 N. Y. 235; *Romaine* v. *Van Allen*, 26 N. Y. 309.)

CUDDEBACK, J. Section 17 of the Bankruptcy Act, as amended in 1903, provides that a discharge in bankruptcy shall release a bankrupt from all his provable debts, except, among others, such debts as "are liabilities * * * for willful and malicious injuries to the * * * property of another."

The question in this case, of course, is whether the liability of the defendants asserted by the plaintiff is for willful and malicious injuries to the plaintiff's property.

In Hilliard on Torts (Vol. 1 [3rd ed.], p. 464) it is said: " Injuries to property are in themselves of great variety; being committed with or without force, immediately or consequentially, by misfeasance or nonfeasance, by direct invasion of another's possession, or by an unauthorized use of one's own property, causing damage to another. With reference to the injuries themselves, they include disseisin, trespass, nuisance, conversion, waste, fraud and negligence; and with reference to the remedies by which such injuries are redressed, the actions of ejectment, trespass, trover, case and waste."

In *Northern Railway of France* v. *Chas. Carpentier, Felicite Dubud et al.* (13 How. Pr. 222 [1856]) an order of arrest was issued against the defendant Felicite Dubud, a woman.   In her behalf it was claimed she was not liable to arrest under a section of the Code which provided that no female shall be arrested in a civil action except for willful injury to person, character or property.   The facts of the case were that the plaintiff owned certain railway shares with coupons attached, and that the defendants Carpentier and Grellet, officers of the company, with the assistance of the defendant Felicite Dubud and others, abstracted the shares and coupons, converted the same into money, and escaped with the money to this country.   The court held, in the first place, that these acts on the part of the defendants constituted an injury to property, and, in the second place, that such injury was willful, and Felicite Dubud was, therefore, liable to arrest.   The court said: " The stock and coupons have been destroyed as such; they have been converted into money, and that is, beyond all question, an injury to the plaintiffs' property."

This case was followed in *Duncan* v. *Katen* (6 Hun, 1 [1875]), where it appeared that the defendant, a woman, had induced a clerk in the employ of the plaintiffs to wrongfully take from them gold certificates to the amount of $20,000, and give the same to her, and that she had converted and concealed the certificates.   It was held

that the defendant was liable to arrest in a civil action. The court said that the facts charged showed a willful injury to property, and continued as follows: "It is claimed that these acts are not a willful injury to the plaintiff's property, because it is not shown that she (the defendant) had done some physical injury to the paper on which the gold certificates are printed and written. This is refining too technically for the benefit of crime." The case of *Duncan* v. *Katen* was affirmed in this court, without opinion (64 N. Y. 625).

The Bankruptcy Act, in defining the liabilities for injuries to property not released by the discharge, describes them not only as willful but as *malicious* injuries. There can be no doubt but that if our Code had forbidden the arrest of a woman in any action except for willful and *malicious* injuries to person, character or property, the court in each of the cases cited would have found that the acts charged constituted *malicious* as well as willful injuries.

*Tinker* v. *Colwell* (193 U. S. 473, 487) was a proceeding under the Code of Civil Procedure to cancel a judgment obtained against the plaintiff in error for criminal conversation on the ground that the petitioner had been discharged from his debts under the Bankruptcy Act. It was argued on behalf of the petitioner that criminal conversation did not constitute a malicious injury to the husband's rights and property. The court considered at length the meaning of the word "malicious" as used in the Bankruptcy Act and said in denying the application to discharge the judgment: "We think a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception" of section 17.

The firm of T. A. McIntyre & Co. received the stock and scrip on February 5, 1908, under circumstances

which gave them no right without the knowledge and consent of the plaintiff to sell the securities and retain the avails thereof. Yet, being at that time in financial straits, they began the very next day to sell the stock and scrip, and within a brief period all had been disposed of. It is very significant that the defendants against whom the judgment was rendered went on the witness stand but made no attempt to justify or excuse the acts of the firm. These facts show that the conversion of the stock and scrip was not merely technical nor committed in the assertion of a mistaken claim to the property. It was a wrongful act done intentionally without just cause or excuse, and constituted willful and malicious injury to the plaintiff's property as those words are used in section 17 of the Bankruptcy Law. (*Tinker* v. *Colwell*, *supra*.)

Counsel for the defendants argue that the construction here given renders section 17 tautological, and that is true to some extent. Prior to the amendment of 1903, subdivision 2 of section 17 excepted in general terms from the effect of a discharge in bankruptcy judgments in actions for willful and malicious injuries to the property of another, while subdivision 4 excepted specifically debts created by the bankrupt's frauds while acting in a trust capacity. The difference in the main between these subdivisions was that number 2 applied only to debts reduced to judgment, while number 4 applied to the debts particularly enumerated, whether reduced to judgment or not. This distinction was struck out by the amendment of 1903, and some overlapping must occur. Some cases will fall within both subdivisions. But that is not a reason for limiting the words "wilful and malicious injury to property" contained in subdivision 2. The classification made originally by section 17 has been somewhat disarranged but the meaning of the section is plain enough.

It is also argued on behalf of the defendants that they

did not actually participate in the injury done to the plaintiff's property, and that the wrongful acts were committed by other members of the firm.   The individual members of a copartnership are civilly liable for torts of which they have no knowledge, committed by any member of the firm in the course of the partnership business.   (*Matter of Peck*, 206 N. Y. 55; *Castle* v. *Bullard*, 64 U. S. 172.) The case is, therefore, precisely within the words of section 17, subdivision 2, of the Bankruptcy Act, defining debts which are not released by the discharge in bankruptcy.   The words are: "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * are liabilities * * * for willful and malicious injuries to the person or property of another."   If the defendants are civilly liable for the acts of other members of the firm, which amount to a willful and malicious injury to the property of the plaintiff, that ends the argument.   They are not released by the discharge in bankruptcy, no matter whether they participated in the acts which caused the injury or not.   *Strang* v. *Bradner* (114 U. S. 555) is directly in point.

In *Crawford* v. *Burke* (195 U. S. 176), a case upon which the defendants rely, it was held that a broker carrying stocks on margin who sells the same and does not pay over the proceeds to his principal, is not indebted in a fiduciary capacity within the Bankruptcy Act, and consequently the defendant was relieved from liability by his discharge.   To the same effect is *Tindle* v. *Birkett* (183 N. Y. 267; 205 U. S. 183).

These decisions were based on subdivision 4 of section 17 and had reference to discharges granted prior to the amendment of 1903.   They have no application to the case at bar which falls within the provisions of subdivision 2 of section 17, as amended in that year, and does not involve the question whether the defendants were acting as officers or in a fiduciary capacity.   There has

been no authoritative holding contrary to the views herein expressed since the amendment of 1903.

My conclusion is that the determination of the Appellate Division was correct, and that the judgment appealed from should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Judgment affirmed.