ESTHER CAPLAN, Appellant, v. HYMAN CAPLAN et al., Individually and as Copartners under the Firm Name of E. CAPLAN & SON, Respondents.

(Submitted June 11, 1935; decided October 1, 1935.)

*Carleton J. King* for appellant. The partners are jointly and severally liable. (*Allen* v. *Allen*, 246 N. Y. 571; *Thompson* v. *Thompson*, 218 U. S. 611; Cons. Laws, ch. 39, §§ 24, 26, subd. 1; *Roberts* v. *Johnson*, 58 N. Y. 613; *Matter of Peck*, 206 N. Y. 55; *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 256; *First Nat. Bank* v. *Farson*, 226 N. Y. 218.) The partnership is liable. (*First Nat.*

*Bank* v. *Farson,* 226 N. Y. 218; *Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 256.) The partnership has a distinct and independent status from the individuals who make up the partnership. (Cons. Laws, ch. 39, § 20; *Hathaway* v. *Clendening Co.,* 135 App. Div. 407; *Liberty Nat. Bank* v. *Bear,* 276 U. S. 215; *Matter of Dumarest,* 146 Misc. Rep. 442.) Section 24 of the Partnership Law (Cons. Laws, ch. 39) does not relieve the partnership of liability. (*Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 256; *Wait* v. *Pierce,* 191 Wis. 202.)

*James J. McNaughton* and *Lawrence B. McKelvey* for respondents. The partnership is not liable to the wife of a negligent partner. (*Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 256; *Allen* v. *Allen,* 246 N. Y. 571; *Thompson* v. *Thompson,* 218 U. S. 611; Cons. Laws, ch. 39, § 24; *Matter of Peck,* 206 N. Y. 55; *Jacobs* v. *Maryland Casualty Co.,* 198 App. Div. 470; 234 N. Y. 622; *Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175; *Belleson* v. *Skilbeck,* 242 N. W. Rep. 1; *David* v. *David,* 157 Atl. Rep. 755.)

LEHMAN, J. The plaintiff has brought an action against the members of a partnership, jointly and severally, to recover damages caused by the negligence of one partner while driving an automobile in the business of the partnership. The pleadings disclose that the negligent partner was the husband of the plaintiff. On that ground the plaintiff's right to bring the action has been challenged.

" A wife may not maintain an action against a husband nor a husband against a wife, for personal injuries, whether negligent or willful." (*Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 253, 255; *Schultz* v. *Schultz,* 89 N. Y. 644; *Allen* v. *Allen,* 246 N. Y. 571.) To that extent the common-law doctrine still prevails that in marriage the persons of husband and wife become merged, and neither is liable for injuries wrongfully inflicted upon the other. The

immunity does not extend to others who wrongfully inflict personal injuries upon a wife even though the husband be used as agent. (*Schubert* v. *Schubert Wagon Co.*, *supra*.) All the members of a partnership are jointly and severally liable for torts committed in the course of the partnership business by an employee (*Roberts* v. *Johnson*, 58 N. Y. 613), or by a partner (*Kavanaugh* v. *McIntyre*, 210 N. Y. 175; affd., 242 U. S. 138). In all the cases where, heretofore, liability has been imposed for the acts of an agent or partner, the defendant has been a person, natural or artificial, other than the husband of the plaintiff. Now the problem arises whether a wife may sue the members of a partnership which includes her husband, upon a cause of action which she could not maintain against her husband if sued alone.

A partnership is not, like a corporation, an artificial person created by law and existing independent of the persons who create or control it. We have said that " the acts performed in the name of a partnership cannot ordinarily be considered apart from the persons composing it. A partnership is not like a corporation, which is a legal entity having certain rights and subject to defined liabilities. * * * It has a name by which individuals conduct a joint business and in which their accounts as such are kept, and through which certain established equitable rights in marshaling assets are acquired." (*Matter of Peck*, 206 N. Y. 55, 60.) True, because a partnership conducts a joint business and holds its property jointly; because ordinarily it keeps accounts of that business, and because its members are jointly liable upon its obligations, and its creditors may look primarily to the joint property for satisfaction of its obligations, a partnership is regarded among business men as possessing some of the attributes of a separate entity (*Hartigan* v. *Casualty Co.*, 227 N. Y. 175; *Jones* v. *Blun*, 145 N. Y. 333); but it appears even from these cases that in law it is not a separate entity. It is defined by the Partnership Law (Cons. Laws, ch.

39), section 10, as " an association of two or more persons to carry on as co-owners a business for profit." Its obligations are the joint obligations of its members, but like other joint obligations may at times be satisfied by proper proceedings out of their separate property, and, when sued, all the joint debtors must be named as parties defendant.

In the field of liability for torts it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it. In that field it has been said often that liability is joint and several. Perhaps it would be more accurate to say that the members of a partnership are treated like other persons who jointly commit a tort, either in person or by the hand of an agent. All may be held jointly for the tort so committed, or each may be sued individually. So we have said that " the plaintiff may proceed against any one, all, or such number of the wrongdoers as he may choose." (*Roberts* v. *Johnson*, 58 N. Y. 613, 616; *Kavanaugh* v. *McIntyre*, 210 N. Y. 175; affd., 242 U. S. 138.)

The joint liability is, at least, analogous to a true partnership liability and entitles the injured person to payment out of the partnership assets in preference to the individual creditors of the partners; the individual liability of each partner gives rise to a preference to payment out of his separate estate over other creditors of the partnership. Thus a judgment against all the members of a partnership jointly and individually may be satisfied out of the joint assets of the partnership or the separate assets of each partner, and upon insolvency and marshaling of assets the judgment creditor is preferred in the distribution of both joint and separate estates. (*Matter of Peck*, 206 N. Y. 55.)

The argument that a husband, though immune from liability to his wife for injuries inflicted by him upon her person, should still be liable to her jointly or individually for injuries when inflicted by a partnership of which he is

a member, is without substantial foundation. Certainly if the others who joined in the tort are disregarded and the husband is sued individually for his own wrong he cannot be held liable. Nor is the situation different when the husband is sued as a member of a copartnership to enforce his joint and individual liability for acts committed through an agent by the partnership. There, as we pointed out in the *Schubert* case, liability must not be confused with culpability. The liability of a principal for his wrong committed through the hand of an agent upon the person of the wife exists though the relationship of husband and wife disables the wife from suing her husband. Conversely a wife may not sue a husband for a trespass upon her person, whether committed by the husband in person or through his agent. Upon no principle, based either on reason or tradition, can immunity of a husband for wrong committed in person be reconciled with liability for wrong committed by a husband through the hand of an agent.

Here also there can be no distinction between liability that is joint and liability that is individual. The quality of the wrongful act is not changed by the circumstance that others may have joined in its commission, nor is the nature of the liability of those who have joined in it. The injured party has the right to choose those against whom liability is to be enforced and may join those selected as defendants in one action. Right to select those against whom liability is to be enforced does not embrace a power to impose liability against one to whom the law grants immunity nor does it remove any disability to sue. Thus no action may be maintained by a wife against a husband, either individually or jointly, for a trespass upon her person by her husband, and since he is not liable for such a wrong jointly with his partners, it follows that no judgment can be rendered against all the members of the partnership and in consequence against the partnership itself; for a partnership liability is a joint

liability of all the partners and there can be no judgment against the partnership except in an action against all the partners to enforce their joint liability.

The question remains whether another partner may be held individually liable in such case. Doubtless if the trespass had been committed by an employee rather than a partner who was immune from liability, an action might be maintained against any partner individually. (*Roberts* v. *Johnson, supra; Schubert* v. *Schubert Wagon Co., supra.*) Does the circumstance that the trespass was committed by a partner who is himself immune from liability dictate a different rule? Though culpability should not be confused with liability, it seems unfair that one partner should be held responsible for the wrong of another partner who enjoys a personal immunity. Nevertheless an injured party should not be deprived of right to compensation from any person who through an agent has wrongfully injured her, because she rests under a disability to maintain an action against all those who were parties to the wrong.

We have assumed, so far, that the husband acted as the agent of the partnership when he injured his wife, because he was then driving an automobile in the business of the partnership. For most purposes a partner may be regarded as the agent of the partnership in connection with all acts performed by him in the course of the partnership business, yet in some respects that is not entirely true. (Cf. Partnership Law, § 4, subd. 3; § 20, subd. 1.) Perhaps it would be more accurate to say that " each partner acts, as to himself, as a principal, having a joint interest in the partnership property, and, as to each other partner, as a general agent." (*First Nat. Bank* v. *Farson,* 226 N. Y. 218, 221.) Even insofar as a partner acts as general agent of his partners, the circumstance that he at the same time acts as principal as to himself produces some complications, and the rules of agency cannot always be applied as if no such complications existed.

(See Burdick on the Law of Partnership [3d ed.], p. 210; *Guarantee Trust & Safe Deposit Co.* v. *Drew Investment Co.*, 107 La. 251, at p. 256.)

The responsibility of all the partners for the act of a partner in the course of its business flows from the relationship of copartners. Each has actual or apparent authority to bind all the partners by acts in the course of the partnership business, and ordinarily all are responsible for torts committed in the course of the joint business. Where the law grants to a partner immunity from liability for his own acts there can be no partnership liability asserted against *all* the partners, and the foundation of liability arising from a joint venture fails. Then, to hold the other partners individually liable for fault of a copartner, though the erring partner is immune, would create an anomaly. Freedom from liability by all the parties in such case is not an extension of the personal immunity of the erring partner. It arises from the fact that partners are liable for the acts of a copartner in a business carried on by them jointly only within the field where liability is joint. For these reasons the plaintiff cannot maintain an action against the defendants or any of them jointly or severally for the wrong committed by her husband.

The distinctions we have pointed out are, indeed, embodied in the Partnership Law. Section 24 provides: " Partnership bound by partner's wrongful act. Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership * * * the partnership is liable therefor to the same extent as the partner so acting or omitting to act." Section 25 is entitled: " Partnership bound by partner's breach of trust," and provides that the partnership is bound to make good the loss where moneys received are misapplied by a partner. Section 26 then provides:

" Nature of partners' liability. All partners are liable 1. Jointly and severally for everything chargeable to the partnership under sections twenty-four and twenty-five. 2. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."

The liability of a partnership for a partner's wrongful acts, as defined by section 24, is thus limited to liability " to the same extent as the partner so acting or omitting to act." Where that partner is not liable for a wrongful act, this section imposes no liability upon the partnership or its members. It is said, however, that these sections of the Partnership Law are merely declaratory of the common law, and were not intended to extend or limit the common-law rules of liability. Though that be true, they represent a legislative codification of the common law, and we have found no case in any jurisdiction where a liability has been successfully asserted against a partnership for the wrongful act of a partner where the partner who performed the wrongful act was not liable.

It is true that in the case of *Schubert* v. *Schubert Wagon Co.* we expressly rejected the decisions of other States that a principal is not liable for the act of an agent who is himself immune from liability, and in those States no action could be maintained under the rules of agency against a partnership or its individual members for wrongful acts committed by a partner who was himself not liable. Other obstacles and disabilities, long since removed by statute or decisions in this State, also barred, at common law, actions by a wife against a partnership in which her husband was a partner. These obstacles may explain to some extent the absence of any case in which a partnership or any of its members has been held liable for an act of a partner for which he is not liable. The fact still remains that there is no authority sustaining a common-law liability of a partnership broader than the liability defined by the Partnership Law, literally con-

strued, and in two recent cases it has been decided that there is no broader rule of liability. (*David* v. *David*, 161 Md. 532; *Belleson* v. *Skilbeck*, 185 Minn. 537.) Reason, authority and statutory codification of the common law alike dictate that conclusion.

The judgment should be affirmed, with costs.

FINCH, J. (dissenting). The plaintiff, while riding in an automobile driven by Hyman Caplan, her husband, and owned by E. Caplan & Son, a copartnership, consisting of said Hyman Caplan and Simon Caplan, sustained personal injuries as the result of a collision between the automobile and a bus. An action brought by her against the bus company was terminated by a verdict of no cause of action. The plaintiff then commenced this action against the defendants individually and as copartners. The answer admits ownership and the use of the car at the time in the partnership business and sets up as a defense that the driver of the automobile, the defendant Hyman Caplan, is the husband of the plaintiff. The reply admits the relationship between these parties. A motion by the defendants for judgment on the pleadings dismissing the complaint was denied at Special Term. The Appellate Division reversed and dismissed the complaint.

The sole question involved is whether the complaint states a cause of action against either of the partners or the partnership.

The common-law rule that one spouse cannot sue the other, although relaxed to a large extent by the " Married Women's Law " (Cons. Laws, ch. 14, art. 4), is still effective in this State to bar an action for negligently inflicted personal injuries or other tortious acts. (*Allen* v. *Allen*, 246 N. Y. 571; *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253.) It is clear, therefore, that the complaint, in so far as it attempted to state a cause of action against the husband, Hyman Caplan, individually or as a member of the partnership, was properly dismissed.

The plaintiff, however, may maintain a cause of action against the other partner individually. The determination of the question depends upon the application of the principles stated in *Schubert* v. *Schubert Wagon Co.* (*supra*). In the *Schubert* case the plaintiff sued a corporation for injuries suffered by her as a result of the negligent acts of her husband in the course of his employment by the corporation. Prior to that time several other States had held that a recovery could not be had in similar circumstances. (*Maine* v. *Maine & Sons Co.*, 198 Iowa, 1278; *Riser* v. *Riser*, 240 Mich. 402; *Emerson* v. *Western Seed & Irrigation Co.*, 116 Neb. 180.)

The distinction between culpability and liability was pointed out in the *Schubert* case. A wife cannot maintain a suit against her husband but that does not mean that he is not guilty of a wrongful act. The fiction of the unity of husband and wife bars a cause of action. In a way, this is analogous to a contract not to sue. CARDOZO, Ch. J., writing for the court, said: " But the master is not exonerated when the servant has had the benefit of a covenant not to sue (*Gilbert* v. *Finch*, 173 N. Y. 455; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58), or has set up a discharge in bankruptcy, or has escaped liability upon grounds not inconsistent with the commission of a wrong unreleased and unrequited." (*Schubert* v. *Schubert Wagon Co.*, *supra*, at p. 256.) The suit is barred but that does not alter the wrongfulness of the act.

"A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity. The trespass may be a crime for which even a husband may be punished, but whether criminal or not, unlawful it remains. As well might one argue that an employer commanding a husband to commit a battery on a wife, might justify the command by the victim's disability. * * * Unlawful the act remains, however shorn of a

remedy. (*Bennett* v. *Bennett*, 116 N. Y. 584.) " (*Schubert* v. *Schubert Wagon Co., supra,* at p. 256.)

A principal is liable for the wrongful acts of his agent in the course of his employment. This vicarious liability is founded on the theory that the acts of his agent are his own acts. (Laski, The Basis of Vicarious Liability, [1916] 26 Yale Law Journal, 105.) " In each case the maxim governs that he who acts through another, acts by himself." (*Schubert* v. *Schubert Wagon Co., supra,* at p. 257.) The wrongful act is regarded as that of the principal and an action may be maintained against him, although an action against his agent is barred by reason of the marital unity, similar to a covenant not to sue. It differs from the situation where it is held that the master is not liable if after a trial it is found that the servant is not liable. (*Pangburn* v. *Buick Motor Co.,* 211 N. Y. 228; *New Orleans & N. E. R. R. Co.* v. *Jopes,* 142 U. S. 18.) There a finding that the servant is not liable necessarily means that the servant is guilty of no wrong. The servant being absolved of wrongdoing, there is no other foundation for a finding that the master has done wrong.

Since the decision in the *Schubert* case several States have adopted this reasoning. (*Chase* v. *New Haven Waste Material Corp.,* 111 Conn. 377; *Poulin* v. *Graham,* 102 Vt. 307; *McLaurin* v. *McLaurin Furniture Co.,* 166 Miss. 180. *Contra, Sacknoff* v. *Sacknoff,* 131 Me. 280.)

Turning to the law of partnership, we find that it is held that for a tortious act of a partner a cause of action arises against all partners individually and as copartners. (*Matter of Peck,* 206 N. Y. 55; *Roberts* v. *Johnson,* 58 N. Y. 613; Partnership Law, §§ 24, 26.) It may be maintained against any or all of them; it may be maintained alone against one of the partners who has himself committed no wrong. (*Kavanaugh* v. *McIntyre,* 242 U. S. 138, affg. 210 N. Y. 175; *Boston Foundry Co.* v. *Whiteman,* 31 R. I. 88; *Dixon* v. *Haynes,* 146 Wash. 163; *Hamlyn* v. *Houston & Co.,* [1903] 1 K. B. 81.)

"Each partner acts, as to himself, as a principal, having a joint interest in the partnership property, and, as to each other partner, as a general agent." (*First Nat. Bank* v. *Farson*, 226 N. Y. 218, at p. 221.) The other partner is bound although his agent, the partner actually guilty of the wrongful act, may, as in the case at bar, have a personal defense to a suit brought against him. (*Schubert* v. *Schubert Wagon Co.*, *supra*.)

Nor does section 24 of the Partnership Law create a limitation. Section 24 reads as follows: "Partnership bound by partner's wrongful act. Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership, or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act."

It is argued that this section read literally means that unless the wrongdoing partner is liable, the other partners are not. But the section is not a shield against liability. It is only declarative of the common law. Such is the statement of the drafter of the Uniform Partnership Act. (Lewis, The Uniform Partnership Act, [1915] 24 Yale Law Journal, 617; Lewis, The Uniform Partnership Act, [1915–1916] 29 Harvard Law Review, 158, 291.) The principles of agency are applicable to the law of partnership. (Partnership Law, § 4, subd. 3; § 20, subd. 1.) In agency the gist of the principal's liability is the agent's wrongful act, not his liability. It thus becomes clear that the Appellate Division erred in dismissing the complaint against Simon Caplan, the partner of Hyman Caplan.

It matters not that ultimately Simon Caplan may recover over from Hyman Caplan by way of indemnity. In the *Schubert Case* (*supra*) it was said: "We are told that in the long run the consequences of upholding an

action against the master may be to cast the burden on the husband, since the master, if not personally at fault, has a remedy over. (*Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461; *Wash. Gas Light Co.* v. *Dist. of Col.,* 161 U. S. 316, 327; *Boston etc., Co.* v. *Kendall,* 178 Mass. 232.) The consequence may be admitted without admitting its significance as a determining factor in the solution of the problem. The master who recovers over against the servant does not need to build his right upon any theory of subrogation to a cause of action once belonging to the victim of the injury. A sufficient basis for his recovery is the breach of an independent duty owing to himself " (p. 257.)

A claim for indemnity against Hyman Caplan would not make him a true party to the original controversy and he need only enter a defense to the claim for indemnity made by the defendant. (*Municipal Service Real Estate Co.* v. *D. B. & M. Holding Corp.,* 257 N. Y. 423.)

Where a contrary conclusion has been reached in other States it is based on a failure to make the distinction between non-liability and non-culpability. (*David* v. *David,* 161 Md. 532. Cf. *Belleson* v. *Skilbeck,* 185 Minn. 537.)

Although the complaint must be dismissed as against the partnership because of the bar against one of the partners, no such obstacle stands in the way of a recovery against the other partner individually.

Where an actionable injury has been caused through the tortious act of an employee or one of a number of partners, to deny any right of recovery against all the other partners individually because one of the partners is possessed of an immunity to suit personal to him, it is submitted, results in a great injustice not legally required or justified.

The judgment should be modified so as to reverse the dismissal of complaint against Simon Caplan individually.

CRANE, Ch. J., O'BRIEN and LOUGHRAN, JJ., concur with LEHMAN, J.; FINCH, J., concurs in opinion of LEHMAN, J., as to Hyman Caplan, individually, and the copartnership, but dissents in opinion as to Simon Caplan, individually; HUBBS, J., dissents on authority of *Schubert* v. *Schubert Wagon Co.* (249 N. Y. 253); CROUCH, J., not sitting.

Judgment affirmed.