WALLACE WILLIAMS, as Administrator of the Estate of ROBERT WILLIAMS, Deceased, Respondent, v. GRACE HARTSHORN, Appellant.— Order affirmed, with $10 costs and disbursements. Memorandum: " In the field of liability for torts it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it." (*Caplan* v. *Caplan,* 268 N. Y. 445, 448.) As we read the complaint, the plaintiff is seeking to recover for torts alleged to have been committed by the defendant in a field of activity conducted by her personally, which field was wholly disassociated from partnership transactions and in which field the partnership as such had no part or interest. Whether the plaintiff can establish the causes of action alleged in his

complaint can be determined only upon a trial. The defendant's moving papers do not make it conclusively appear that the plaintiff's exclusive remedy is under the Workmen's Compensation Law even if his theory of liability be accepted. A case as close as this, especially in view of the record before us, should not be summarily disposed of by invoking the drastic remedy provided in rule 107 of the Rules of Civil Practice. All concur except Dowling and Larkin, JJ., who dissent and vote for reversal and dismissal of the complaint on the ground that the partnership is not a separate entity and that the defendant is not a third party within the meaning of the Workmen's Compensation Law. (*Matter of Lyle* v. *Lyle Cider & Vinegar Co.*, 243 N. Y. 257; *Caplan* v. *Caplan*, 268 N. Y. 445.) (The order denies defendant's motion to dismiss plaintiff's amended complaint, in a negligence action.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ. [See *post*, p. 978.]