Harriet SCHMITZ, a widow, for the Use and Benefit of herself and her minor children, Linda Jane Schmitz, Donald Allen Schmitz, Kayleen Annette Schmitz, Robert Wayne Schmitz, Dale Curtis Schmitz, Julie Beth Schmitz, Laura Ann Schmitz, and Daniel Joseph Schmitz, Plaintiffs,

v.

ST. LUKE'S HOSPITAL, INC., a North Dakota Corporation, Dr. Douglas T. Lindsay, Dr. Matt J. Ehlen, Dr. Thomas M. Hamilton, Dr. Henry A. Norum, individually and as copartners, d/b/a Fargo Clinic, Dr. Maynard B. Gustafson, and the Fargo Clinic, Inc., a North Dakota Corporation, Defendants.

Civ. No. 4217.

United States District Court
D. North Dakota,
Southeastern Division.

Sept. 13, 1966.

Ronald I. Meshbesher, of Robins, Meshbesher & Kirschbaum, Minneapolis, Minn., and Fred Saefke, Jr., Bismarck, N. D., for plaintiffs.

Philip B. Vogel, of Wattam, Vogel, Vogel, Bright & Peterson, Fargo, N. D., for defendants.

MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

Now pending before the Court is a motion by all of the Defendants herein to dismiss this cause for lack of diversity of citizenship between the Plaintiffs and one of the Defendants, Dr. Thomas M. Hamilton, and a cross motion of the Plaintiffs to dismiss as to the non-diverse Defendant, Dr. Hamilton, in order that this Court may retain jurisdiction of the action.

This litigation was commenced by the Plaintiffs, citizens of Minnesota, against St. Luke's Hospital, Incorporated, a North Dakota corporation; Dr. Douglas T. Lindsay, Dr. Matt J. Ehlen, Dr. Thomas M. Hamilton, Dr. Henry A. Norum, individually and as co-partners, doing business as Fargo Clinic; Dr. Maynard B. Gustafson, and the Fargo Clinic, Inc., a North Dakota corporation, Defendants. The complaint recites that all Defendants are citizens of North Dakota and that the amount in controversy exceeded $10,000.00, exclusive of interest and costs.

The Defendants appeared specially, moving to dismiss the action upon the ground that Dr. Thomas M. Hamilton was and is a citizen of Minnesota, and hence, the Court is without jurisdiction as the requisite diversity of citizenship does not exist between all opposing parties as required by 28 U.S.C.A., Sec. 1332. Affidavits and other documents were filed showing Dr. Hamilton to be a citizen of Minnesota.

In opposing this motion, the Plaintiffs have moved that the non-diverse Defendant, Dr. Thomas M. Hamilton, be dismissed from the action and that the complaint be amended accordingly. Fed.Rules Civ.Proc. Rules 21 and 15(a), 28 U.S.C.A. The Court may drop a non-diverse Defendant and retain jurisdiction only if that party is not indispensable. Kerr v. Campagnie De Ultramar, 250 F.2d 860 (2 Cir., 1958)[1]; Great American Ins. Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997 (8 Cir., 1965).

The question here presented is whether Dr. Thomas M. Hamilton is indispensable, with such an interest in the controversy that a final decree cannot be entered in his absence without adversely affecting his rights or without leaving the action in a state which would be inconsistent with equity and good conscience. Padbury v. Dairymen's League Cooperative Ass'n, D.C., 15 F.R.D. 484.

Under the law of North Dakota, which determines the substantive rights of the parties, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the Supreme Court of North Dakota has said:

" 'The liability of members of a partnership for tort committed in the course of its business is joint and several. On the principle of mutual agency, the partnership, or every member of a partnership is liable for torts committed by one of the members acting in the scope of the firm business although they do not participate in, ratify or have knowledge of such torts. Such liability is not dependent on the personal wrong of the individual member of the partnership against which the liability is asserted. The test of the liability is based on a determination of the question whether the wrong was committed in behalf of and within the reasonable scope of the business of the partnership. If it was so committed, the partners are liable as joint tort-feasors.

" 'Since partners are liable as joint tort-feasors, the party aggrieved has his election to sue the firm or to sue one or more of its members, and may even single out for suit a partner who personally was in no wise involved in the commission of the tort. This liability for the tort of a copartner is also binding in equity on the individual assets of such partner in like manner as if the individual liability had arisen from an express contract apart from the contractual relation arising from the partnership.' "

\*     \*     \*     \*     \*     \*

" 'The principles governing the liability of one partner for the torts of his copartners apply to torts based on the negligence of such partner. For example, where several physicians are in partnership, they may be held liable in damages for the professional negli-

---

1. Though the case questions the use of Rule 21 for this purpose, see Great American Ins. Co. v. Louis Lesser Enterprises, Inc., 353 F.2d 997 (8 Cir., 1965); Callan v. Lillybelle, Ltd., 234 F.Supp. 773 (D.C., N.J., 1964).

gence of one of the firm. And where a firm of physicians assumes the duty of returning a patient, who has been operated on in the operating room of the hospital, to his private room in the hospital, each member of the firm is the agent of the firm while performing that duty, and consequently, the firm is liable for the negligence of a member in its performance, resulting in injury to the patient.'" (Citation omitted.)

"'As a rule, when a partnership is answerable for the tort of any member the liability of the partners is joint and several or, as sometimes expressed, in solido, but a partnership or its members may not be held liable for the wrongful act of a partner for which he himself is not liable'." (Citation omitted.)

"In the case of Caplan v. Caplan, 268 N.Y. 445, 198 N.E. 23, 25, 101 A.L.R. 1223, this rule is stated as follows:

"'In the field of liability for torts it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it. In that field it has been said often that liability is joint and several. Perhaps it would be more accurate to say that the members of a partnership are treated like other persons who jointly commit a tort, either in person or by the hand of an agent. All may be held jointly for the tort so committed, or each may be sued individually. So we have said that "the plaintiff may proceed against any one, all, or such number of the wrongdoers as he may choose."'

"'The liability of partners for torts committed by one partner or a servant is joint and several, not joint, as in case of contract * * *. Therefore, it is not necessary in bringing an action to join all the partners, but it may be brought against one partner or all or any number less than all. This joint and several liability of joint tort-feasors is not different from the joint and several liability of parties to a contract.

* * *'" Truscott v. Peterson, 78 N.D. 498, 50 N.W.2d 245 (1951).

For the reasons assigned,

It is ordered that Dr. Thomas M. Hamilton be and he is hereby dismissed as a party Defendant herein; and Defendants' motion to dismiss this action be and it is hereby denied.