Nathaniel T. Herman, J.
This action for a declaratory judgment and other relief was commenced, originally, by plaintiff Balogh against defendant Bayner-Smith, both being partners in a partnership which does business in New York known as Marks & Clerk (referred to as the American partnership). BaynerSmith is, and was a non-working partner of this firm, a leader in the field of foreign patents and trade-marks. The only other partner is William Warren Triggs, a cross claim defendant, who resides in Denmark. Bayner-Smith moved for, and was granted leave to serve an amended and supplemental answer, setting forth counterclaims and cross claims, as well as a supplemental summons upon Triggs. At the same time, 11 members of an English partnership, also known as Marks & Clerk which has an interest in the American partnership moved for and were granted leave to intervene and to assert the same counterclaims and cross claims against plaintiff and Triggs. The granting of this relief was predicated upon the interrelationship of the affairs of both partnerships, and the English partners’ “ claim of right to continuation of the American firm and of English interest in the American firm [which] ought not to remain undetermined upon any judgment of declaration in the main action.” (N. Y. L. J., June 22,1966, p. 15, col. 3 [Murphy, J.]).
Now Triggs moves to quash the service of process upon him, service having been made upon him in Copenhagen, Denmark, *1091 and to dismiss the cross claim asserted against him by BaynerSmith and the intervening defendants. The issue of the court’s jurisdiction over Triggs was neither argued before nor decided by the court on the prior motion. By cross motion BaynerSmith and the intervening defendants move for dismissal of the complaint, in the event it is determined that Triggs is not subject to this court’s jurisdiction, on the ground that this action should not proceed absent Triggs, as he is a necessary party.
Determination of the jurisdictional objection revolves, in the opinion of the court, around consideration of the import of the recent decisions of the Court of Appeals in Platt Corp. v. Platt (17 N Y 2d 234) and Feathers v. McLucas (15 N Y 2d 443), and the background behind enactment of the recent enactment of CPLB 302 (subd. [a], par. 3). The “acts” relied upon by Bayner-Smith and the intervening defendants, as the basis for the sustaining of jurisdiction over Triggs (who is not a resident of this country or State, and who was served in Denmark) are, in essence; (1) his status as a general partner in the American partnership; and (2) his conceded execution of the partnership agreement establishing the American partnership, which agreement provides for its interpretation according to the laws of New York5 and (3) his alleged participation in a joint effort with plaintiff to oust Bayner-Smith from the partnership.
It is clear, however, that Triggs did not engage, in New York or in this country, in the transaction of any partnership business with any third parties. Nor has he engaged in intra-partnership transactions in this State or country. He executed the partnership agreement in England. His correspondence with plaintiff emanated from without the country, including the letter which plaintiff urges constituted a wrongful act (wherein he refused to consent to the admission of an additional American partner proposed by plaintiff). A cable sent by Triggs from Kenya dated March 9, 1965, and the letter sent by him from Denmark, March 15, 1965, indicate that Triggs abstained from voting on plaintiff’s proposal because of his long relationship with defendant. There is therefore, no evidence of a joint action between Triggs and Balogh with respect to the retirement of BaynerSmith. Nor can defendant find comfort in the provisions of the Partnership Law (§ 20) on the agency theory, since the implied authority granted to a copartner under that statute, applies to a matter involving the business of the partnership, and not to internal differences between the partners themselves. (Caplan v. Caplan, 268 N. Y. 445.) CPLB 310, entitled ‘ ‘ Personal service upon a partnership ” affords plaintiff no assistance in his *1092 attempt to sustain jurisdiction, for the instant motion is not one involving a determination of whether service was properly effected upon a partnership and, in any event, section 310 provides for service within this State.
Triggs’ participation in the profits of the American partnership did not of itself constitute a basis for sustaining the jurisdiction. If it did, the recent enactment (L. 1966, ch. 590, eff. Sept. 1, 1966) of paragraph 3 to subdivision (a) of CPLR 302 would be meaningless, insofar as it includes, within its ambit, one who commits an act without the State, causing injury within the State, and who “ derives substantial revenue from goods * * * or services * * * in the state ”. This subdivision was not effective as of the date of the attacked service herein. If the actions of Triggs be considered tortious in nature, jurisdiction cannot be sustained on this ground. If they be considered in the nature of a contract-based claim, jurisdiction must be based upon Triggs’ transaction of business here. As noted in the Platt case (supra), however, to sustain jurisdiction on that ground, there must be an act committed in New York. The sending of a cable and mailing of a letter from Denmark under the circumstances described, do not constitute such an act. His failure to consent to the admission of new partners constitutes, at most, an omission to act of the sort held in Platt insufficient to sustain jurisdiction. The provision in the partnership agreement providing for interpretation of the agreement according to New York law sets forth a rule of interpretation only, and may not be construed as a submission to this jurisdiction.
Accordingly no jurisdiction exists over Triggs, and the motion, by him, to quash the service of process upon him is granted; the cross claim against him will be dismissed. That being the disposition of the main motion, consideration must be given to the cross motion and a determination made of the status of Triggs and specifically, whether he is a necessary party hereto.
The action, as above noted, is for a declaratory judgment declaring whether defendant Rayner-Smith has breached his duties and obligations under the partnership agreement. The counterclaims and cross claims assert that plaintiff and Triggs improperly refused to consent to the admission of new American working partners; that plaintiff was seeking to set up a new American partnership, independent of the English one, and was being aided in this respect by Triggs; and, finally, seeks dissolution of the American partnership.
An examination of the amended complaint discloses that relief is sought against Rayner-Smith alone, on the charge that he *1093 violated his agreement by refusing to admit two new American working partners to membership by unreasonably withholding his consent; that his own involuntary retirement by virtue of such breach was justified. But such a cause of action may be pursued to judgment, if merited, notwithstanding the appearance of Triggs in the controversy. If anything, the appearance of Triggs may be more appropriately required in support of the cross claims, but is not essential for the prosecution of plaintiff’s cause of action against Rayner-Smith. He is not a necessary party to the action of the present plaintiff against Rayner-Smith. The cross motion is denied.