MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent.
There is little, if any, evidence that the log house in question was being constructed by the partnership. In fact, it appears that plaintiffs were personally constructing the residence and that Dove Construction only became involved in order to facilitate a loan. The involvement of the partnership occurred at a time subsequent to any alleged negligence.
However, assuming arguendo that there is evidence of the partnership’s involvement, liability still would not exist in favor of Charles A. Norick.
A partnership is not an entity and the members of the partnership are individually liable. The New York Court of Appeals in Caplan vs. Caplan (1935), 268 N.Y. 445, 198 N.E. 23, 25, 101 A.L.R. 1223, 1225, said:
*64 “In the field of liability for torts it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it . .
The Uniform Partnership Act, section 35-10-305, MCA, provides as follows:
“Partnership liable for partners’ wrongful act. Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person not being a partner in the partnership or any penalty is incurred, the partnership is liable therefore to the same extent as the partner so acting or omitting to act.” (emphasis supplied)
The general rule has wide acceptance. A partnership is not liable for an injury to a partner. A. Bromberg, Crane and Bromberg on Partnership (1968), § 54, p. 314-315.
Narrow exceptions to the general rule have been recognized in Smith v. Hensley cited in the majority opinion. However, the Smith case is not applicable. In the case at bar plaintiff Charles A. Norick seeks to recover against the partnership for his own negligence. No case has ever recognized such a right. Here the plaintiff seeks to recover against himself for his own negligence. The absurdity of such a position seems apparent.
I would permit the case of Gwendalyn E. Norick to go forward. Because this is a property damage case, interspousal immunity does not apply. However, I would abolish inter-spousal immunity in Montana and hold that one spouse may sue another spouse for damage resulting from negligent acts whether that damage is property damage or is in the nature of personal injury.
I would affirm the District Court’s summary judgment entered against plaintiff Charles A. Norick and vacate the summary judgment against Gwendalyn E. Norick remanding her case for trial in accordance with the views herein expressed.